WILCZINSKI *v.* WATSON.

[69 South. 1009.]

1. MORTGAGES. *Foreclosure by sale. Defective notice. Statute. Appeal and error. Review. Questions first raised on appeal.*
   Where a sale *in paix* is made by a trustee under an instrument conferring a power of sale upon him under certain prescribed conditions, a substantial compliance with the mode, manner and time prescribed is essential to pass the title, and any disregard of them in any important respect will vitiate the sale.

2. SAME.

Code 1906, section 2772, declaring that the sale of mortgaged lands. shall be advertised for three consecutive weeks preceding the sale, and that no sale shall be valid unless so advertised, regard- less of any contract to the contrary, does not take away the , right of the parties to contract for a longer period of advertise- ment, and where a trust deed provided for thirty days advertised' notice of sale, a sale made after only twenty-two days of publi- cation of notice of sale did not comply with its terms and a. sale was not valid in such case.

3. APPEAL AND ERROR. *Review. Questions first raised on appeal.*

Where complainant's bill to recover the amount bid by defendant at a trustee's sale foreclosing a deed of trust recited that the advertisement of sale was made according to law for three con- secutive weeks, and the deed from the trustee contained the' same recital, in such case complainant showed by his own: pleading and proof that the sale was not advertised for thirty days as required by the deed of trust, so that such question was not raised for the first time on appeal.

APPEAL from the chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

. Bill by Lamar Watson, Trustee, against Joel Wilczin- ski. From a decree for complainant, defendant appeals. ·The facts are fully stated in the opinion of the court..

*Campbell & Cashin,* for appellant.

The trust deed provides that the ''sale shall be made after first advertising the said land for sale by publish- ing a notice thereof for thirty days, giving in each of' said notices the time, place and terms of said sale, and by posting a copy of said notices at the front door of the courthouse.''

In other words, the trust deed requires thirty days of advertising by publishing and posting of notice of the sale, before the sale shall be made. As shown by the testimony of Lamar Watson, Trustee, and Exhibits Num- bers 2 and 3 thereto, the Notice of Sale was posted at the courthouse door on the ninth of February, 1912,

and the first publication of said notice was made on the tenth of February, 1912, and the sale was made on the fourth day of March, 1912. So then, it clearly appears upon the face of the record that the notices of sale were only published and posted twenty-two days before the sale was made.

A sale under a trust deed, made without notice required by the terms of the trust deed, is void, and a trustee's deed under such a sale conveys no title to the purchaser. 28 Am. and Eng. Ency. of Law, page 788.

While this is not the rule in some jurisdictions, it is unquestionably the law in Mississippi. See 28 Am. and Eng. Ency. of Law, page 786; *Walker* v. *Brumgard,* 13 Smed. & M. 763; *Wrightman* v. *Doe,* 24 Miss 681; *Wade* v. *Thompson,* 52 Miss. 367; *Graham* v. *Fitts,* 53 Miss. 307, and *Enochs* v. *Miller,* 60 Miss. 19.

In the latter case, CHALMERS J., delivering the opinion of the court says: "Where a sale *in pais* is made by a trustee under an instrument conferring a power of sale upon him under certain prescribed terms and conditions, a substantial compliance with the mode, manner and terms prescribed is essential to pass the title, and any disregard of them, in any important respect, will vitiate the sale. The making of the deed is *prima-facie* evidence that the sale was properly made, and will throw upon him, who attacks or resists it, the burden of showing the contrary.

In the present case the defendants assumed and successfully met this burden by proving that the sale took place upon twenty-six days' notice, instead of thirty, as was required by the deed of trust under which it was made. The court below properly held that the purchaser acquired no title, "citing various authorities, among them those above mentioned."

In the case at bar, while the decree recites that the sale in question was made "in all respects in conformity with the trust deed of which it was made and the statute for such cases provided," this recital of the decree is

plainly contradicted by the record. The trust deed it-
self, which is filed as Exhibit Number 1 to the testimony
of Lamar Watson, shows plainly upon its face that it
required thirty days' advertisement before a sale of the
property could be made, and Mr. Watson's testimony
shows that he posted the notice on the ninth day of Feb-
ruary, 1912, and that the notice of the sale was published
in the Greenville Times, the first time, on February tenth,
1912, and that he made the sale on the fourth day of
March, 1912, only twenty-two days after the first pub-
lication of the Notice of Sale.

We presume Mr. Watson must have overlooked the
terms of the trust deed, requiring thirty days' advertise-
ment, and supposed that it only required three weeks'
advertisement, because that is what the statute (Sec.
2772 of the Code, and the amendment thereto by chapter
180 of the Acts of 1908), require.

Of course, we do not suppose that the chancellor, him-
self, examined the trust deed and advertisement, to see
whether or not the trustee had, in fact, given the notice
required by the terms of the trust deed. An inspection
of the trust deed and advertisement, themselves, plainly
discloses that the notice required by the terms of the
trust deed was not given.

Therefore, under our decisions, the sale was absolutely
void. This being true, the bidder cannot be required to
accept the trustee's deed, and to pay the amount of his
bid. The trustee's deed is absolutely void and conveys
no title.

We do not understand that section 2772 of the Code
changes the law requiring the notice prescribed by the
terms of the trust deed to be given, except where the trust
deed requires less than three weeks advertisement. In
such cases, the sale must be advertised for three weeks
preceding the sale, notwithstanding the fact that the trust
deed provides for advertisement for a shorter time. If
the trust deed requires advertisement for more than
three weeks, then the terms of the trust deed, as to the

notice and advertisement, must be followed. This does not conflict with the statute, but would be in harmony with it and with the terms of the trust deed.

*Percy Bell,* for appellee.

The case of *Bomar* v. *West,* 28 S. W. 519, cited by counsel for appellant, we submit is not in point. In that case the trust deed provided that "the sale should be made at the instance of the payee or legal holder of the said notes." In the present case the deed of trust expressly provides that "if default is made in the payment of any one of the notes that the owner and holder thereof may direct the trustee to foreclose." That this must have been their intention is shown by the paragraph of the trust deed providing for the substitution of the trustee, which plainly says that the trustee can only be substituted by the owner and holder of the notes—meaning all of them. The difference is very evident.

Furthermore, in the Bomar case only one of the notes had fallen due; in the case at bar all of them were past due and there was no necessity of a declaration of their being due.

The sale was void because not advertised for thirty days. In this connection we would direct the attention of the court to the authority just cited, and to *Wightman* v. *Doe,* 24 Miss. 681.

The court will observe that this sale was made in strict accordance with the statute, which forms the law of the state of Mississippi. We are of the opinion that this statute of Mississippi prescribes the method of sales made under trust deeds and that a sale made under it is legal. The contention of appellant is that there was not thirty days' notice given as stated in the trust deed but it is admitted that the sale was in every respect, save this, in accordance with the terms of the trust deed and was in every way in accordance with the statute. We submit that the irregularity as to time is an immaterial irregularity at best and we refer the court to 27 Cyc.

1493-B and note 52 thereunder.  In addition thereto
we would again refer the court to the authorities cited
at the beginning of this section; that Mr. Wilczinski
is not a person to complain of this irregularity and that
no complaint is made by those who have the right, if any,
to complain.

We submit that the statute governs the method of fore-
closures and we refer the court to 27 Cyc. 1450-B, in which
the statement is made that statutes similar to ours
"must, of course, be fully complied with in order to effect
a valid foreclosure."

Replying to the authorities quoted by counsel for ap-
pellant in support of his position that sufficient notice
was not given, we would state that all of these cases were
decided when Mississippi had no such statute as she
now has fixing the method of foreclosure of trust deeds.

STEVENS, J., delivered the opinion of the court.

Appellee, as complainant in the court below, exhibited
his bill in the chancery court of Washington county
against appellant, seeking recovery of the sum of six
hundred and ninety dollars and interest, bid by appellant
at a trustee's sale foreclosing a deed of trust in which
the appellee is the trustee.  Isaiah and L. C. Ballard, on
March 12, 1910, executed to Lamar Watson, trustee,
a deed of trust conveying a certain parcel of land in
the city of Greenville to secure three promissory notes
in favor of one Allen Caldwell.  The trust deed provides
that:

If default shall be made "in the payment of said notes
at maturity, or any one of them, then the owner and hold-
er may declare all of said notes due and payable and
may direct the trustee herein named, or his successors,
to foreclose this trust deed by first advertising said
land for sale by publishing notices thereof for thirty
days, giving in each of said notices the time and terms
and place of the sale, and by posting a copy of said no-
tices at the front door of the courthouse in said county of

Washington, and sell said property to the highest bidder for cash between the hours prescribed by law for sheriffs' sales.''

The trustee, at the request of the holder of the first of the notes secured, and after all of the notes were due, advertised the property for sale by posting a notice of the sale at the front door of the courthouse and by publishing the notice of sale for three weeks in the Greenville Times. These notices were published on the tenth, seventeenth, and twenty-fourth days of February and the first day of March, 1912; and the sale was made on March 4, 1912. Appellant appeared at the sale and bid, in the name of the Delta Cotton Company the sum of six hundred and ninety dollars; and the lands embraced in the trust deed were struck off and sold to the Delta Cotton Company. Some time thereafter the trustee tendered to appellant a deed signed and acknowledged by the trustee, conveying the property to the Delta Cotton Company; and this deed appellant declined to receive and declined to pay the amount of his bid. The trustee thereupon readvertised the property to be sold July 15, 1912, but abandoned his purpose to resell and did not complete the second publication. On the contrary, he filed the original bill in this cause tendering his trustee's deed as an exhibit and prayed that appellant, doing business under the name of the Delta Cotton Company, be required by decree of the court to perform his contract, to accept the deed and pay the amount bid. The cause was finally set down for hearing on bill, answer, and proof; and a decree was entered in accordance with the prayer of the bill. From this decree appellant appeals.

One point argued by counsel for appellant will dispose of this appeal. The trust deed requires thirty days' advertisement of the notice of sale; and the pleadings and proof show that the notice was posted at the courthouse door on the ninth of February, 1912, and that notice was first published in the newspaper on the tenth of February, 1912. The sale was made on the fourth day of March

thereafter. It appears from the face of the record that there were only twenty-two days' publication before the sale was made. Whatever the ruling may be in other jurisdictions, our court is committed to the holding that:

"Where a sale *in pais* is made by a trustee under an instrument conferring a power of sale upon him under certain prescribed terms and conditions, a substantial compliance with the mode, manner, and terms prescribed is essential to pass the title, and any disregard of. them in any important respect will vitiate the sale." *Enochs* v. *Miller*, 60 Miss. 19.

In the Enochs Case, the trust deed required thirty days' notice and the sale took place upon twenty-six days' notice. Chalmers, J., in the opinion says:

"The court below properly held that the purchaser acquired no title."

It is argued by counsel for appellee that this case of *Enochs* v. *Miller, supra*, was decided before the enactment of section 2772 of the Code of 1906. This statute, among other provisions, declares that:

"Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time. No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. . An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten years statute of adverse possession."

It is contended that this statute was complied with in the instant case, and that a compliance with the terms of the statute is all that is required. We do not understand that this section takes away the right of the parties to contract for a longer period of advertisement than that required by the statute. If the trust deed requires less

than three weeks' advertisement, its provisions would then be in conflict with the statute, and the terms of the statute must and would prevail; if the trust deed, however, requires more than three weeks' advertisement, then the terms of the trust deed as to notice and adver-, tisement must be followed and complied with in accordance with the contract of the parties. In this instance the contract of the parties provides for thirty days' notice, and thirty days' notice is not at all in conflict with the statute but in harmony with it. The statute was evidently enacted in the interest of debtors and for the security of land titles acquired under foreclosure. It was a common practice before the enactment of the statute to execute deeds of trust providing for ten days' notice of sale and on such short notice to foreclosure trust deeds on valuable tracts of lands and the homes of humble debtors. The statute was designed, among other things, to give due publicity to sales under deeds of trust by requiring a reasonable notice of sale, the posting of one notice at the courthouse door of the county where the land is situated, and publication in a newspaper of that county—wise provisions calculated not only to give due notice to the owner of the lands but also to prospective bidders.

The statute by its language does not make unlawful further and additional provisions agreed upon by the parties providing for a longer period of advertisement or additional precautionary methods in the interest of the mortgagor. The right to contract is sacred, and the parties should be left free and untrammeled in their right to agree upon and incorporate any lawful provisions not in conflict with the statute in question. The deed of trust itself is a contract between the parties, and the purpose of the statute in question is merely to enforce the contract which the parties have entered into and to enforce it in the particular way which the lawmakers deemed wise and best. Inasmuch as the advertisement in the instant case was less than that contracted for and provided by the

trust deed itself, we are constrained to hold that the sale by the trustee was void; and his deed would convey no title. This being true, the court should not compel the purchaser to buy a lawsuit or to accept an invalid deed.

"Through there is a presumption in favor of the validity and regularity of a completed sale, the purchaser is affected with the consequences, and therefore with the knowledge of all material irregularities incident to the exercise of the power." 28 Am. & Eng. Enc. of Law (3d Ed.) p. 820.

Counsel for appellee contend that this question is raised for the first time on appeal and on that account the court should not reverse this case. The bill, however, recites, "said advertisement being made according to law for three consecutive weeks, in the Greenville Times," and the trustee's deed exhibited with the bill likewise recites, "after advertising the hereinafter described property for three consecutive weeks," and the proof removes all doubt as to the period of advertisement and shows affirmatively twenty-two days' notice. Complainant is therefore in the attitude of showing by his own pleadings, exhibits, and proof, the fatal irregularity complained of.

Let the decree of the court below be reversed, and the bill dismissed.

*Reversed.*

SMITH, C. J., (dissenting). I do not think that the method to be pursued in selling land under deeds of trust is subject to regulation by contract, for in my judgment section 2772 of the Code as amended by chapter 180 of the Laws of 1908 prescribes the exclusive method for so doing. If the advertisement of the sale may be partially regulated by contract, the other things which the statute provides must be done in making the sale may also be so regulated and this I am sure was not the intention of the legislature. A sale of land under a deed of trust, for obvious reasons, will be valid even though advertised for

a longer time than required by the statute; but it does not at all follow that the parties by contract can make an advertisement for such length of time necessary.