FAUNTLEROY ET AL. v. MARDIS ET AL.

[85 South. 96, In Banc.  No. 20992.]

1. MORTGAGES.  *Statute as to posting notices of foreclosure sale con-
    strued.*
    That part of section 2772, with amendments, Code of 1906 (sec-
    tion 2276, Hemingway's Code), which reads as follows: "Sale
    of said lands shall be advertised for three consecutive weeks pre-
    ceding such sale, in a newspaper published in the county, or, if
    none is so published, in some paper having a general circulation
    therein, and by posting one notice at the courthouse of the coun-
    ty where the land is situated, for said time, and such notice and
    advertisement shall disclose the name of the mortgagor or mort-
    gagors whose property is advertised for sale"—requires the post-
    ing of a notice of the sale at the courthouse door of the county
    where the land is situated, in both instances, viz. when the sale
    is advertised for three consecutive weeks in a newspaper publish-
    ed in the county, and also when the sale is advertised in a news-
    paper having a general circulation therein.

2. MORTGAGES.  *Foreclosure sale not "advertised" by posting, invalid.*
    That part of this section which reads as follows:  "No sale of lands
    123 Miss.—23

under a deed of trust or mortgage shall be valid unless such sales shall have been advertised as herein provided for, regardless of any contract to the contrary"—makes invalid a sale where a notice was not posted as required at the courthouse door. The posting of the notice at the courthouse door constitutes a part of the advertisement.

3. MORTGAGES. *Receipt reciting trustee's sale and surrender of possession of mortgagor held not to estop mortgagor to assert title.* When the mortgagor continues in possession of lands for a year and a half after the foreclosure sale at which the lands were purchased by the mortgagee, and subsequently surrenders possession to the mortgagee upon payment of a valuable consideration to her, but still asserts title to the lands in question, no estoppel arises by virtue of signing a receipt reciting the trustee's sale and the surrender of possession by her.

APPEAL from chancery court of Jefferson county.
HON. R. W. CUTRER, Chancellor.

Suit by W. E. Fauntleroy and others against Chas. Mardis and others. From a decree dismissing the bill, plaintiffs appeal. Reversed and remanded.

*L. L. Posey, Truly & Truly* and *G. G. Lyell,* for appellants.

It will not escape the attention of this court that this is not an appeal from the decision of a chancellor upon a controverted issue of fact. Therefore there is no presumption of correctness attached to the finding herein. The chancellor only passed on two issues of fact and in each of them sustained the contention of the complainants. One that there was an agreement, (whatever its exact details may have been) existing between Mrs. Fauntleroy and Mr. Junkin as to the rights of the parties in the property after the trustee's sale, the other, that there was no notice of the trustee's sale posted at the courthouse door. These were the only two issues of fact passed on by the chancellor. The chancellor held that notwithstanding these facts the case was controlled

by a single principle of law, the statute of frauds, and decided adversely to the complainants, apparently overlooking or ignoring the fact that this is a suit, not to enforce a contract, but to set aside a trustee's sale.

Being a suit to set aside a trustee's sale, the rights and duties of the respective parties are, in our opinion, well settled under the jurisprudence of our State. "Ordinarily the presumption is to be indulged that the trustee did everything necessary for a valid exercise of the power of sale." *Tyler* v. *Herring*, 67 Miss. 172; *Smith* v. *Kirkland*, 89 Miss. 647; *Wilzinski* v. *Watson*, 69 So. 1009; *McSwain* v. *Young*, 72 So. 129. But this presumption simply makes it a *prima-facie* case which may be overthrown by affirmative proof. *Tyler* v. *Herring, supra; McSwain* v. *Young, supra.* If it be shown that the necessary requirements be not complied with the sale will be overthrown, and if the proof leaves the question in doubt it is for the jury to decide. *Tyler* v. *Herring, supra.* The presumption obtains even if the trustee's deed is silent as to his compliance with the conditions of the instrument. *McGaughn* v. *Young*, 37 So. 41. But the presumption is overthrown where a sale is made in disregard of the plain provisions of the instrument, and this fact be shown affirmatively by the record." *McGaughn* v. *Young, supra; McMahan* v. *Building & Loan Association*, 23 So. 431.

In the absence of evidence that the sale was advertised for four weeks next before the day of sale, the judgment of the court below should have been for appellant." *McMahan* v. *Building & Loan Association, supra.* The affirmative proof necessary to overthrow the *prima-facie* presumption may be supplied either by the direct testimony of witnesses or by the affirmative statements of the trustee's deed itself.

With these statements of the law we pass to a brief consideration of the different grounds upon which the trustee's sale in this case is sought to be overthrown.

'First: It is the contention of the complainants the trustee's deed itself supplies the proof that the requirements of the statute as to the newspaper advertisement was not complied with. *Planter's Mercantile Company* v. *Braxton,* 82 So. 323.

Second: The trustee's deed is further assailed because of the failure to post a copy of the advertisement at the courthouse door for the time required by section 2772, Code 1906, section 2276, Hemingway's Code.

An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations except as to the ten-year statute of adverse possession. (Laws 1896, ch. 103; Laws 1908, ch. 180, in effect March 20, 1908.) The proof shows that no notice of the sale was posted at the courthouse door for the length of time set forth in the statute. There is no dispute on this point. The statute (section 2772, Code 1906), was evidently enacted in the interest of debtors and for the security of land titles acquired under foreclosure. It was a common practice before the enactment of the statute to execute deeds of trust providing for ten days' notice of sale, and on such short notice to foreclose trust deeds on valuable tracts of land and the homes of humble debtors. The statute was designed, among other things, to give due publicity to sales under deeds of trust by requiring a reasonable notice of sale, the posting of one notice at the courthouse door of the county where the land is situate, and publication in a newspaper of that county—wise provisions calculated not only to give due notice to the owner of the lands, but also to prospective bidders. *Wilzinski* v. *Watson,* 69 So. 1009, 110 Miss. 86; see, also, Freeman's note to *Tyler* v. *Herring,* 19 A. S. R. 388. The Wilzinski case was argued before both divisions of this Honorable court and received the individual judgment of each member of the bench. There was a forcible dissent as to one

part of the opinion of the majority but the entire bench were in harmony upon the points covered by the above excerpt.

This identical question was again before this court in *Lynchburg Shoe Company* v. *Castleman,,* 76 So. 878, 116 Miss. 188; *Planters' Mercantile Company* v. *Braxton,* 82 So. 323.

It is essential to the validity of a trustee's sale, where the deed of trust under which the sale is made does not otherwise provide, that notice of the sale be posted at the front door of the courthouse of the county wherein the land lies. *Shea* v. *Ballard,* 56 S. E. 472. But judicial interpretation aside, and examination of the statute itself, would show the plain intendment of the law.

The legislature in 1896, having remedied many of the evils which then existed as pointed out by this court in *Wilzinski* v. *Watson,* there developed another evil in that parties holding trust deeds would substitute trustees of different names and then advertise the property by the general description of which might well escape the notice of any not familiar with land numbers or conveyancing. In order to make more certain that notice was brought to the unfortunate debtor that his property was being offered for sale, the legislature, in 1908, amended section 2772 as it then was by inserting —"such notice shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale." *McPherson* v. *David,* 48 So. 627.

The foregoing is a plain, fair and dispassionate statement of the case which was, by a court of conscience withdrawn from the consideration of a jury which he had already granted, in defiance of all conflict of fact, and which was decided adversely to the complainants upon a question of law which was not involved nor applicable. We challenge that ruling at the bar of this court of justice.

*Ratliff & Kennedy,* for appellee.

The assailing of the trustee's deed, because of the allged failure to post a copy of the advertisement at the courthouse door for the time required by section 2772 of the Code of 1906, is without any merit whatever. Before proceeding to the argument of this immediate point, we desire to call the attention of the court to the fact that the chancellor did not hold as a matter of fact, that a notice of the trustee's sale was not posted in due time at the courthouse door, but at page 229 of the record, we will find that the chancellor said that it is shown that no notice of the trustees was posted on the courthouse bulletin board for three weeks. The chancellor also took the position that posting in any manner was wholly unnecessary, but regardless of whether it was necessary or unnecessary, it is immaterial in this cause as we will now proceed to show. To this particular assignment, our reply is in three subdivisions. (1) It was unnecessary to post a notice on the bulletin board at Fayette, Mississippi. (2) If it were necessary, the presumption is that it was done and there is no proof to the contrary. (3) If it were necessary to post a notice and such were not done, it would not invalidate the deed.

In presenting this proposition, we call the attention of the court to the fact, that the method of foreclosure of the deed in trust involved in the case at bar was left entirely to the law upon that subject and is not governed by a contract between the parties.

Practically all of the decisions of this court upon this immediate question have been in cases, where the contract between the parties specifically require the posting of notices at particular places. Inasmuch as the proposition in this case is controlled entirely by the law upon the subject, let us refer to the statute relative thereto. We have two statutes, both enacted at the same time and appearing in the Code of 1906, both relating to

the foreclosure of mortgages and should be construed together and a harmonious interpretation adopted, if practicable. *Scott* v. *Searls,* 5 S. & M. 25.

"A series of acts upon the same subject are to be construed as a whole." *White* v. *Johnson,* 23, Miss. 68. In order to ascertain the intention of the legislature all acts *in pari materia* are to be taken together and compared. *Swan* v. *Buck,* 40 Miss. 268. Section 2772, provides among other things: "Sales of said lands shall be advertised for three consecutive weeks, preceding such sale, in a newspaper published in the county, or if none is so published in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated for said time."

Section 2821, passed at the same session of the legislature provides: If a deed in trust or mortgage with power of sale be silent as to the place and terms of sale and mode of advertising, a sale may be made after condition broken at such place as is required for sheriff's sales of like property.

Section 3984 of the Code of 1906, provides that sheriff's sales may be made after advertisement in a newspaper, published in the county once in each week for three successive weeks.

Now, the immediate proposition is the construction of the quoted paragraph from section 2772. We submit that a mere reading of the section will show that posting a notice on the bulletin board is only required, when there is no newspaper published in the county. The first sentence of the paragraph is separated from the remainder of it by the word "or" and it was the manifest intention of the legislature, that if a newspaper were not published in the county where the land was situated, and they had to resort to a newspaper having a circulation therein, that a notice should be posted. However, if there could be any doubt in the mind of one

after reading the paragraph from section 2772, that doubt is absolutely set at rest, when he attempts to construe section 2772 in connection with section 2821, which are statutes passed at the same time and upon the same subject-matter.

Now if it is conceded, and it must be conceded, that a deed in trust, under section 2821 may be foreclosed without posted notice and the deed in trust be valid, then what construction must be put upon the quoted paragraph from 2772, when the conclusion of section 2772 provides: "No sale of lands under a deed in trust or mortgage shall be valid unless such sale shall have been advertised as herein provided, regardless of any contract to the contrary."

Now, the instrument used in the illustration above was a deed in trust. It was foreclosed under section 2821 and its correlative section by an advertisement in a paper, published in the county and without any posted notice and is valid under the law, but if section 2772 is construed so as to require a posted notice in all cases and no sale shall be valid unless such is done, then section 2772 would apparently render valid the very sale that section 2821 said was invalid.

The two sections being adopted at the same time and with respect to the same subject-matter should be construed together and to construe section 2772 exactly as it reads to the effect that the sale of said lands shall be advertised for three consecutive weeks, preceding such sale, in a newspaper published in the county, or if none is so published, then in a newspaper having a general circulation therein and by posting one notice at the court-house door, where the land is situated for said time, is in harmony with section 2821.

To put the distorted construction upon section 2772 contended for by appellants would render all sales made under section 2821 null and void, but to place the construction upon it as was placed upon it by the chancellor, the

two sections are in harmony and any sale made under section 2821 is in perfect harmony with the requirements of section 2772,

The case of *Planters Mercantile Company* v. *Braxton,* 82 So. 323, cited by appellant, does not touch the question here involved, because the only question there involved was whether or not, if one week elapsed between the last publication and the date of the sale, was the sale void? The question of the posting of a notice was not involved.

The case of *Lynchburg Shoe Company* v. *Castleman,* 76 So. 878, cited by appellant, did not involve this question directly or indirectly. It involved the question as to whether or not the trustee should have sold on the first Monday of a month or the Monday or Tuesday of a term of court, as provided by section 2821, and its correlative section, or was the trustee vested with power to fix the time.

The case of *Wilzinski* v. *Watson,* 69 So. 1009, cited by appellant did not involve a single question here at issue, but involved the proposition that if a deed in trust on its face provided that there should be thirty days' notice of the sale by advertisement, could the trustee foreclose upon the mere requirement of the statute and the court held that the contract might require more notice than the statute, but no less.

So we submit to the court that upon the first proposition, we think the chancellor was eminently correct when he stated that a posted notice was unnecessary, if the property were advertised in a newspaper, published in the county for to otherwise construe the section would be to hold that it requires a certain manner of advertisement and section 2772 says, that no sale shall be valid, unless advertised as herein provided..

There have been a number of deeds in trust falling within the provisions of section 2821 and this court has held the foreclosure thereof valid, when made as therein provided.

(2) However, if this court should hold that section 2772 should be read independently of and regardless of section 2821, and both the reasonable and grammatical construction disregarded and that a notice of the sale should be posted on the Bulletin Board, regardless of ·where the advertisement was made then we submit to the court the following:

In the case of *Tyler* v. *Herring,* 67 Miss. 170, it was held that where there was a contract providing that notice of the sale should be posted, it was to be presumed that such was done. In the case of *Graham* v. *Fitts,* 53 Miss. 307, it was held that where a deed in trust provided for a sale by the trustee, after posting notices, that in a proceeding to set aside the deed, it was to be presumed that the trustee posted the notice; that it was not necessary that the notice should remain posted. It was not the duty of the trustsee to make daily observation at the public places, so as to insure their remaining posted. It is not true that the displacement of a posted notice by casualty or design would invalidate a sale. The trustee may sell on the appointed day, without regard to the fact that the wind, rain or some mischievous or evil disposed person may have removed all of the notices.

It is the duty of the trustee to post the notice, but having done so, it is absolutely immaterial to the exercise of the power ·of sale, as to whether the notice remains any length of time thereafter. The only requirement is where the contract calls for it, that the notice shall be posted. Any other rule would lead to a sacrifice of property, because prospective bidders have no way of knowing that the notice had remained so posted and there is no method under our law for the preservation of the same, hence, our courts have consistently held that all that is necessary is the mere posting of the notice.

In the case at bar, we have the presumption of law, that it was so posted. We have the presumption appearing by a recital in the trustee's deed and counsel apparently

argues, that because the trustee gave more notice than the law actually required, that the trustee's deed for that reason would be invalid. The presumption arising from the law and from the trustee's deed can only be overthrown by direct testimony. Only one witness testified with respect to the posting of the notice and that was I. L. Posey, who was the attorney for Mrs. Fauntleroy, at the time the property was sold. On direct examination he testified that on or about the 10th of August he posted a copy of the notice of the sale which had been given him by the trustee, and at that time there was no other notice of sale on the bulletin board. The record shows that the first appearance of the advertisement in the paper was on the 31st day of July and the trustee's deed recites that the trustee posted a notice of the sale on the bulletin board on the 29th day of July. The witness Posey did not pretend to say that there was no notice on the bulletin board on the 29th day of July or at any time up until the 10th day of August, at which time he claims to have posted a notice, which was given to him by the trustee, he being the attorney for Mrs. Fauntleroy.

The fact that there was no notice on the bulletin board on the 10th day of August would in nowise validate the sale, if such were required to have been posted.

To construe the evidence of the witness Posey as meaning that there was not a notice on the bulletin board on the 29th day of July or any day up until the 3rd day of August, for the reason that the sale was not made until the 24th, and the notice could have been posted at any time before the 3rd of August, would simply mean that he had visited the bulletin board, or in fact, remained at the bulletin board, throughout that time and knew that no notice had been posted and would bring this immediate proposition within the purview of the principle of law announced by CAMPBELL, J.; in the case of *Graham* v. *Fitts,* in the following language: "The contest below was upon the question whether the notice, which the

trustee had posted remained continuously as posted until the sale, or if not, whether they were removed by the fraud or procurement of the grantors in the deed in trust and whether the grantors were estopped to controvert the validity of the sale.''

Then upon the proposition as to whether or not a notice was posted on the bulletin board, if such were necessary, we have the presumption of the law and the direct recitation in the deed in trust that the same was posted on the 29th day of July, 1914. *Minor* v. *City of Natchez,* 4 S. & M. 594. The same principle was again announced in the case of *Graham* v. *Fitts,* 53 Miss. 307. ''It would place it in the power of mischievous or evil minded persons to defeat every proposed sale under such deeds in trust. Any such rule is impracticable and impolitic. Title would be so insecure under it as to forbid competition under such sales and would lead to the sacrifice of property.''

Therefore, it appears from the mere reading of section 2772, that even if it is required that notice of the sale be posted, that the statute does not make such posting a prerequisite to the validity of the sale and upon the sound reasoning that if such were the case, the titles to all property made by trustees under deeds in trust would rest in parole and would be subject to be set aside at any time within ten years by the debtor or any of his representatives making the mere statement that the notice was not posted on the bulletin board, a fact, that rests wholly in parole and no method for the preservation thereof, but even if there were a method, it would yet be a controverted question of fact, resting in parole upon which a title would depend.

There were no controverted issues of fact in this case to have been submitted to a jury, even though the case had been in the circuit court. The chancellor did not make up the issues at the beginning of the trial but reserved that right at the conclusion of the testimony, and

then decided the entire case without the aid of the jury. The action of the chancellor in not permitting the jury to pass upon the case was correct because there were no issues for the jury to decide, but, apart from that a jury in chancery court is merely advisory and it is discretionary with the chancellor to try the issues himself, or having submitted the issues to a jury to disregard the jury's finding and pass upon the questions himself.

In the case of *Pitman* v. *Lamb,* 53 Miss. 594, it was held that in an action to set aside a deed or action of fraud that the chancellor had a right to disregard the findings of a jury, and that an error assigned on account of the action of the court in giving or refusing instructions to the jury, was without merit. This case has been repeatedly reaffirmed.

We respectfully submit that this case should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellants, as the widow and minor children of Frank B. Fauntleroy, deceased, brought suit by bill in chancery court to set aside a trustee's deed to lands owned by the deceased and purchased at the trustee's sale by Frank Junkin, appellee. The case was heard on pleadings and proof, and the bill dismissed, from which decree this appeal is prosecuted. It will be unnecessary to set forth fully all of the allegations of the pleading and the testimony in the case. The material facts necessary for an understanding of this opinion are briefly stated as follows:

The deed of trust under which the land was sold provided, among other things, that the "trustee shall . . . proceed to sell and convey to the highest and best bidder for cash all of the above described property, after first giving notice of the time, place, and terms of the sale according to law."

Since the deed of trust provided that the sale must be for cash, then the terms of the sale were provided for, and the sale was therefore to be made under section 2772, Code of 1906, as amended, the final amendments appearing in section 2276, Hemingway's Code. The trustee's deed recites that the property was advertised for sale "by having written advertisement published for three consecutive weeks in the Fayette Chronicle, a newspaper published in Fayette, Miss., and did further post a copy of said notice of sale at the easterly door of the courthouse of Jefferson county, Miss., on the 29th day of July, 1914, where the same remained so posted until this day." The property was sold on Monday the 24th day of August, 1914. Before the trial the bill of complaint was amended so that it charged that the sale was void because no notice of the time, place, and terms of sale was posted for the proper time at the courthouse in Fayette, Miss. This allegation was denied by the amended answer of defendants.

The testimony in the case shows that after the death of Mr. Fauntleroy letters of administration upon his estate were taken out by his widow that in this administration proceeding she was represented by Mr. L. T. Kennedy and Mr. L. L. Posey as attorneys. She continued to consult with Mr. Posey with reference to the sale of the land under the deed of trust. Mr. Kennedy was the trustee and made the sale. The testimony relating to the failure of the trustee to post a notice at the bulletin board is uncontradicted. Mr. Posey was the only witness introduced by either side on this fact. He testified that he posted the notice of the trustee's sale on the bulletin board at the request of Mr. Kennedy; that he received this notice from Mr. Kennedy the latter part of July; and that he posted it "somewhere about the 10th of August." He was then asked if that was the only notice on the bulletin board, and his answer was, "Yes, sir," and that that was the only notice he filed and posted. He was later on

again asked if that was the only notice that was posted on the bulletin board to which he answered, "Yes, sir." The defendants introduced no testimony whatever to controvert this testimony of Mr. Posey, but relied upon the recital in the trustee's deed that such notice was posted on the 29th day of July. Under this positive testimony of Mr. Posey we think the presumption in the trustee's deed disappeared, and, in the absence of any proof to the contrary, it affirmatively appears that the notice of the sale of these lands was not posted upon the bulletin board three weeks preceding the sale of the land. We are therefore called upon to construe that part of section 2276 of Hemingway's Code (section 2772, with amendments, Code of 1906) which reads as follows:

"Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper publshed in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale."

We think the proper construction of this sentence is that the clause beginning "and by posting one notice at the courthouse," etc., is an additional method of advertising the sale of the lands, and applies both to where the lands have been advertised in a newspaper published in the county, as well as to where none is so published, and the newspaper advertisement has to be made in a newspaper having a general circulation therein. The various clauses of the sentence are all separated by commas. The entire purpose and intent of the sentence is to give ample advertisement to the sale of lands both by publication in a newspaper and by posting a notice at the courthouse door. The notice at the courthouse is required to be posted in both instances and constitutes a part of both advertisements.

While this precise question has not been presented to the court for decision where the point was at issue, this court, in dealing with this section in the case of *Wilczinski* v. *Watson*, 110 Miss. 86, 69 So. 1009, has clearly foreshadowed how the question would be determined by the court if presented. In speaking of this statute, in this opinion by STEVENS, Justice, it is said:

"The statute was designed, among other things, to give due publicity to sales under deeds of trust by requiring a reasonable notice of sale, the posting of one notice at the courthouse door of the county where the land is situated, and pubilcation in a newspaper of that county—wise provisions calculated not only to give due notice to the owner of the lands but also to prospective bidders."

This section of the Code further provides: "No sale of lands under a deed of trust or mortgage shall be valid unless such sales shall have been advertised as herein provided for, regardless of any contract to the contrary."

It is contended by the appellee that, even though no notice were posted at the courthouse door, and that such notice is necessary, yet the sale shall not be invalidated because the notice is not a part of the advertisement, and that the sentence above quoted only invalidates sales which have not been advertised. This section, however, provides that sales of lands shall be advertised "in a newspaper . . . and by posting one notice at the courthouse," etc. The posting of the notice constitutes a part of the advertisement.

The testimony in the case also shows that Mrs. Fauntleroy was left in possession of the property after the sale for about a year and a half. She claimed to have an oral ageement with the appellee, Frank Junkin, by which she had some interest in the property. The question of giving possession of the property to Mr. Junkin came up at which time the following receipt was signed by Mrs. Fauntleroy:

"Know all men by these presents that whereas, my late husband, F. B. Fauntleroy, was largely indebted to Frank Junkin of Adams county, Miss., which said indebtedness was secured by a deed in trust on all the lands and considerable personalty owned by the said Fauntleroy, deceased; and whereas, the said Fauntleroy died intestate and insolvent, and the said Frank Junkin was forced to foreclose and did foreclose said deed in trust, and became the purchaser at the sale thereof at a price far less than his deed in trust on the same; and whereas, the said Frank Junkin, on account of his friendship for my deceased husband and his family, has not only given to me for them certain stock, but has allowed us to remain on said property for more than one year after said sale, without the payment of rent or any amount whatever; and whereas, he now demands possession of the property which he has owned for more than one year, and offers to give me for myself and children the sum of one thousand dollars in cash, rather than give us free use of his place for another year: Now, therefore, this is to acknowledge that the said Frank Junkin, has this day given me the said sum of one thousand dollars upon the conditions above set forth. Witness my signature this the 3d day of Jan., 1916.

"[Signed] MRS. EDDIE FAUNTLEROY."

It was testified to by Mrs. Fauntleroy that it was understood and agreed that this money was paid her in order that Junkin might get possession of the property, and that at that time she told Junkin that she claimed title to the property for herself and for her minor children.

We see nothing in this receipt to estop Mrs. Fauntleroy from asserting her rights in this proceeding. The receipt merely recites the foreclosure of the deed of trust and that appellee Junkin, on account of friendship, had given appellants certain stock, and had allowed them to remain on the property more than a year after the sale without the payment of any rent. It receipts him for the one

thousand dollars paid her at that time. By this receipt she in no way admits that the trustee's sale was valid nor disclaims any title or interest in the property. Consequently there is no estoppel arising therefrom which prevents Mrs. Fauntleroy from asserting her equity in this property.

We omitted to state that the chancellor found as a fact that there was no posting of the notice at the courthouse door, but held that no such posting was necessary where the sale had been advertised in a paper published in the county.

The decree of the lower court is reversed, and a decree will be entered here setting aside the trustee's sale, and the cause remanded for further proceedings.

*Reversed and remanded.*