## TEXAS COMPANY v. MALONEY, ET AL.

(No. 1885; May 14, 1935; 44 Pac. (2d) 903)

For the appellant there was a brief and also an oral argument by *Clarence A. Swainson,* of Cheyenne.

For the plaintiff and respondent there was a brief and oral argument by *James A. Greenwood,* of Cheyenne.

RINER, Justice.

This case comes here by direct appeal to review a judgment of the District Court of Laramie County, the action having been brought in that court by The Texas Company, a Delaware corporation, as plaintiff, against E. J. Maloney and American Surety Company of New York, a corporation, as defendants. Maloney was never served with summons and never appeared; and the cause proceeded to trial and judgment without him. The parties will hereinafter be referred to as "plaintiff" and "defendant."

There appears to be but one question for argument and for disposition in the cause, and the facts necessary to be recited in order to present it are substantially these:

Under a contract between E. J. Maloney and the State Highway Department the former agreed to do and perform all work and furnish all labor and materials in surfacing 33.669 miles of the Riverton-Diversion Dam Road, Federal Aid Project No. E-159-B, E, F, F. L. H. P. 2-A, B, in Fremont County, Wyoming, for a stipulated sum of money. The defendant became his surety on a bond given by him, as required by law, to insure the proper performance of the contract and the protection of those furnishing him his materials. Maloney commenced the work October 3, 1932, and finished it on February 9, 1933.

During the progress of this work the plaintiff supplied Maloney with certain material "used for, in and about the execution and completion" of the work contracted to be performed by him, for which payment was not made, and on which was due at the commencement of the action aforesaid the sum of $6,777.31, with interest.

Upon conclusion of the work under the contract the Highway Department caused to be given due notice of its completion and that final payment would be made therefor, said notice being inserted in a newspaper published at Riverton, Wyoming, the first publication thereof appearing on February 23, 1933, and the last March 9, 1933. This notice was also posted at three conspicuous places on the work aforesaid on February 28, 1933, and was in the usual form required by law.

The account mentioned above not having been paid, the plaintiff instituted action to recover the amount due from Maloney and his co-defendant. The eighth paragraph of plaintiff's petition, relative to the notice

of final payment published and posted by the State Highway Department as aforesaid, alleges:

"That within sixty days from March 9th, A. D. 1933, and after the last publication and after the posting of said notice by said Wyoming State Highway Commission of the time of completion of said work and the time when final settlement would be made with said defendant E. J. Maloney, the plaintiff did duly serve upon the defendant E. J. Maloney, as principal, and upon the defendant American Surety Company of New York, as surety in said contractor's bond, a written notice specifying the nature, amount and date of plaintiff's claim."

To this the defendant responded in the first defense of its answer:

"This answering defendant admits the allegations contained in paragraph 8 of plaintiff's petition, and alleges that plaintiff served a written notice specifying the nature, amount and date of plaintiff's claim upon defendant American Surety Company of New York, as surety in said contractor's bond mentioned in plaintiff's petition herein, more than sixty days after the posting of the notice for final settlement mentioned in plaintiff's petition."

In the first paragraph of the second defense of said answer the dates of publication and posting of the notice aforesaid, as recited above, are set forth, in the second paragraph thereof the statute, W. R. S. 1931, Sec. 95-204, is pleaded verbatim, and the third paragraph charges:

"That plaintiff did not comply with the provision of the statute above quoted; that it did not serve upon the principal and his surety a written notice specifying the nature and amount of its claim and the date thereof within sixty days after the publication and posting of the notice of final settlement hereinbefore mentioned."

In view of these statements and admissions contained in the pleadings of the parties the sole conten-

tion presented for the defendant is that the statute requires service of the written notice of claim "upon the principal and his sureties" not only within sixty days after the publication of the notice of final estimate payment, but also within sixty days after the posting of that notice; and that while such service was made within the sixty days following the completion of publication of said notice, it was not accomplished within that period following the posting, and hence the action may not be maintained.

Section 95-204, supra, reads:

"No action shall be maintained on any such bond unless, within sixty days after the publication and posting of the notice provided for in article 3 hereof, the claimant shall serve upon the principal and his sureties a written notice specifying the nature and the amount of his claim and the date thereof, and no action shall be maintained on any such claim unless it is begun within one year after the service of such written notice on such principal and surety."

The portion of article "3" referred to in the section last quoted is W. R. S., Sec. 95-301, and this statute requires, so far as needs be kept in mind here, that the State Highway Department shall ninety days before its final estimate on the construction work involved is paid—

"Cause to be published in a newspaper of general circulation, published nearest to the point at which such work is being carried on, once a week for four consecutive weeks, and also to post in three conspicuous places on such work, a notice setting forth in substance, that it has been reported to such commission, board or person that such work has been completed and that the contractor is entitled to final settlement therefor, and that all persons, firms or corporations who have any claims for work done or material furnished on such work shall, within thirty days from the date on which such notice shall last appear, file with such commission, board or person, a verified statement of his, its or their claims."

According to Webster's New International Dictionary (2nd Edition, 1935) the verb "publish" means "to make public announcement of; to make known to people in general; to make public in a newspaper, book, circular or the like." The same text ascribes to the verb "post" the meaning "to publish, announce or advertise by or as by the use of a placard; to placard." These definitions are recognized and applied in the decisions of the court. See 49 C. J. 1120, "Post Section 2" and cited cases; 51 C. J. 88, 89 and cases there listed.

It is plain then that the law in order to insure the receipt of authoritative and necessary information by those interested in the payment of final estimates on public works has invoked two methods of announcing the facts, viz. by their publication in a newspaper for a fixed period and by their being placarded, i. e. posted at certain places on the work. The one statute (Section 95-301, supra) directs that the Highway Department shall "cause to be published" "*and also* to post" the required notice (Italics ours); the other (Section 95-204, supra) declares that the necessary service of claim shall be made within sixty days after that "publication and posting." The language itself of these sections indicates that the posting is to be in addition to the publication. As said in La Salle v. Kostka, 190 Ill. 130-137; 60 N. E. 72:

"The conjunction 'and' is a co-ordinate conjunction. It is not explanatory, but signifies and expresses the relation of addition."

Supplemental to the use of the conjunction "and" to make the meaning more emphatic it may be observed that the word "also" is employed. It is perfectly evident that neither publication nor posting alone would be a compliance with the law. Both are necessary to announce and advertise the fact of payment of a final

estimate on the work. In short, they are a unit in accomplishing the necessary advertisement.

In State Board of Assessors v. Central R. R. Co., 48 N. J. L. 146, 4 A. 578, construing a constitutional provision "that property shall be assessed for taxes under general laws and by uniform rules according to its true value," it was held that the constituent parts of the sentence "general laws" and "uniform rules" were made essential to a valid act of taxation.

In Fauntleroy v. Mardis, 123 Miss. 353, 85 So. 96, the law directed, concerning mortgage foreclosure sales, that:

"Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the mortgagor or mortgagors whose property is advertised for sale."

Construing this language the court said:

"We think the proper construction of this sentence is that the clause beginning 'and by posting one notice at the courthouse,' etc., is an additional method of advertising the sale of the lands, and applies both to where the lands have been advertised in a newspaper published in the county, as well as to where none is so published, and the newspaper advertisement has to be made in a newspaper having a general circulation therein. The various clauses of the sentence are all separated by commas. The entire purpose and intent of the sentence is to give ample advertisement to the sale of lands both by publication in a newspaper and by posting a notice at the courthouse door. The notice at the courthouse is required to be posted in both instances and constitutes a part of both advertisements."

Since publication and posting are to be regarded as integral in giving the statutory notice, we reach the

conclusion that the sixty day period prescribed by Section 95-204, supra, does not commence to run until both the publication and posting have been completed as required by law. It is significant in aid of this view that Section 95-301 requires that claimants for work done or material furnished on public works are required to file their claims with the proper authorities "within thirty days from the date on which such notice shall last appear."

Additionally it may be observed that some of the parties necessarily interested and who are required to make service under Section 95-204 aforesaid, may be reached by publication and some may not be. Some may obtain their information from posting only. Some may not receive the necessary information until and by the very last issue of the newspaper carrying the final publication of the notice. It could hardly be regarded as just to construe the law so as to set in motion the running of the limitation period which would ultimately deprive a party of his right of action, before all the statutory methods of warning him have been complied with in full, even if such construction were permissible, and we do not think it is. We are satisfied that the view expressed above declares the manifest intention of the framers of the law under consideration.

The judgment of the district court of Laramie County should accordingly be affirmed.

*Affirmed.*

KIMBALL, Ch. J., and BLUME, J., concur.