BOOKER et al. v. FEDERAL LAND BANK OF NEW ORLEANS.

(Division A. Jan. 6, 1936. Suggestion of Error Overruled, Feb. 17, 1936.)

[164 So. 877. No. 31994.]

282

Ruth Campbell, of Yazoo City, for appellants.

**Wise & Bridgforth,** of Yazoo City, for appellee.

Argued orally by **Allen Bridgforth**, for appellee.

**McGowen, J.,** delivered the opinion of the court.

This is an appeal from a judgment in an action of unlawful entry and detainer arising under a complaint exhibited before the judge of the county court of Yazoo county, Mississippi, in which court there was a judgment in favor of the Federal Land Bank of New Orleans, the appellee. Appellants, Zack Booker, Sr., and others, thereupon appealed to the circuit court, where the judgment of the county court was affirmed; and from that judgment an appeal is prosecuted here.

The appellee's case rests upon a deed executed by a trustee in pursuance of foreclosure proceedings in its favor. The right of possession to the land by the appellee depends entirely upon the validity of the deed executed by the trustee named in the deed of trust, the trustee having foreclosed the deed of trust executed by the appellants to the appellee. The proceeding was in pursuance of authority granted the judge of the county court by chapter 234, Laws 1934. As to the foreclosure, the deed of trust recited that after having given notice of the time, place and terms of sale in some newspaper for three consecutive weeks preceding the date of said sale, and by posting one notice thereof on the door of the courthouse of the county where the land is situated, for said time, the trustee should proceed to sell the land.

Section 2167, Code 1930, provides how the lands shall be sold under mortgages and deeds of trust, and among other things provides that: "Sale of said lands shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the mortgagor or mortgagors whose property

is advertised for sale. No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary.''

On trial before the county court, the appellants objected to the introduction of the deed unless the entire deed was offered, and for the stated reason that the trustee's deed was not competent to show title, but was competent for the purpose of showing appellee's right of possession to the lands involved.

Among other things, it is recited in the trustee's deed that: ''Whereas, the undersigned, in strict accordance with the terms of the deed of trust aforesaid and the law of the State of Mississippi, did advertise said sale, in Yazoo City Herald, a newspaper published in the town of Yazoo City, Yazoo County, Mississippi, on the following dates, to-wit: The 7th day of August, 1934, the 14th day of August, 1934, the 21st day of August, 1934, and the 28th day of August, 1934, which is more fully shown by the original proof of publication hereto attached as Exhibit A to this deed and made a part hereof the same as if fully copied herein in words and figures, and by posting on the 6th day of August, 1934, a copy of said notice on the bulletin board of the courthouse of Yazoo County at Yazoo City, Mississippi, strictly as required by law and by the terms of the deed of trust aforesaid, which is more fully shown by the original affidavit of the undersigned setting forth an exact copy of the notice so posted and showing the time, place and manner of posting said notice hereto attached as Exhibit B to this deed and made a part hereof of the same as if fully copied herein in words and figures.''

The trustee's deed further recites that the date fixed for the sale in the notice was the twenty-ninth day of August, 1934; that the sale was had in pursuance thereof; and that the Federal Land Bank of New Orleans was the highest and best bidder, and in consideration of the

bid, conveyed the land in controversy to the appellee, the Federal Land Bank of New Orleans. The deed further recites that said advertisement and sale was had in all manner, form, and procedure, in strict compliance with all of the requirements of said deed of trust and of the law. Exhibit B to the deed shows that the notice posted on the bulletin board of the courthouse fixed the eleventh day of July, 1934, as the date of sale of the lands in controversy, and was sworn to by the trustee on the sixth day of August, 1934.

The substance of the objection to the evidence now presented to this court is that the entire trustee's deed was void, in that the publication in the newspaper fixed the date of the sale as August 29, 1934, on which date the sale was had, whereas the notice posted at the courthouse recited that the sale would be on the eleventh day of July, 1934.

There was no evidence offered tending to show that any notice, other than the one sworn to and attached to the deed and made a part of it as Exhibit B thereto, was ever posted at the courthouse door, or that there was a clerical error therein.

We are of the opinion that the sale, as well as the deed thereunder, was void, for the reason that, substantially, no notice of the sale was ever posted at the courthouse door. This record shows that the impossible past date of sale—the eleventh day of July, 1934,—was named as the date on which the sale would be had, which gave the public and interested parties no notice whatever. It was equivalent to a failure to post any notice at the courthouse, as required by the statute, and a failure in a most material particular, to give notice of the sale, a most necessary and important part in such a procedure.

In Jones v. Frank, 123 Miss. 280, 85 So. 310, 311, this court held that the burden is upon the purchaser at a foreclosure sale in ejectment to show the posting of a notice of sale at the courthouse, and said: "The trus-

tee's deed in this case attempts to state fully everything that was done by the trustee beginning with the power to act and reciting in detail the advertisement made by him, the time, mode, and manner of sale, as well as the purchaser. . . . In this case the trustee attempted to fully give this history. He explicitly states that he sold the land 'after having first advertised the time, terms and place of sale, for three weeks prior thereto, in the Cleveland Enterprise, a newspaper published in and having a general circulation in Bolivar county.' He makes no mention of posting a notice for the required time at the courthouse door. In the case of Fauntleroy v. Mardis [123 Miss. 353], 85 So. 96, recently decided, we held that the posting of a notice at the courthouse door was a part of the advertisement of sale required under section 2772, Code of 1906, section 2276, Hemingway's Code. . . . This newspaper publication is only a part of the advertisement. In writing the deed his mind was explicitly directed to the kind of advertisement which he made, and in this deed he recites only a part of the advertisement necessary to the validity of a sale under section 2772. This being true, we think the legal maxim of expressio unius est exclusio alterius applies, and that this recital in the deed of trust overcomes the prima facie presumption that the trustee performed all of these acts in pais required of him. In order for this trustee's deed to have been admissible in testimony, the burden of proof further rested upon the plaintiff to prove that a notice of the sale was posted at the courthouse door at Cleveland.''

In Wilczinski v. Watson, 110 Miss. 86, 69 So. 1009, 1010, the court said: ''The statute was designed, among other things, to give due publicity to sales under deeds of trust by requiring a reasonable notice of sale, the posting of one notice at the courthouse door of the county where the land is situated, and publication in a newspaper of that county—wise provisions calculated not

only to give due notice to the owner of the lands but also to prospective bidders."

The case of Weyburn v. Watkins et al., 90 Miss. 728, 44 So. 145, is not apposite here. The court there held that: "Where the notices of a sale by a trustee were posted the required time before the sale, and clearly and properly apprised the public of the time, place, and terms of the sale, which was fairly and legally conducted, complying with every requirement of the trust deed and the law, the sale was not defective because the date at the bottom of the notices was erroneous."

It is contended by appellee that, by all the terms of the trustee's deed, it is clearly apparent that the date fixed for the first sale in the notice posted at the courthouse was a clerical error. This may be admitted; yet, if that was the notice posted at the courthouse door, sworn to by the trustee, and made a part of the deed, there was no notice, in fact, published, advising the public or parties interested of the actual time of the sale. It was equivalent to no notice at all. Nor can any kind of construction change the statement of facts and recitals of procedure which are positively made a part of the deed as the "exact" copy of the notice posted.

It is further contended that this particular error was not assigned on appeal to the circuit court, nor to this court. We think the assignment of error in both courts that the judgment of the court is contrary to the law and to the evidence is sufficient to raise the question that the void deed offered in evidence showed no right of possession in the appellee; and, under the law, there is no evidence upon which to base a judgment awarding the appellee the right of possession to all the lands, or any portion thereof, involved in this controversy.

The judgment of the court below is reversed, and a judgment is entered here for the appellants dismissing the complaint.

Reversed, and judgment here for the appellants.

On Suggestion of Error.

**McGowen, J.,** delivered the opinion of the court on suggestion of error.

We have decided to overrule the suggestion of error filed in this case.

Our attention is called to this language in the former opinion: ''We are of the opinion that the sale as well as the deed thereunder, was void, for the reason that, substantially no notice of the sale was ever posted at the courthouse door.'' This language, of course, was used with reference only to the record before us, and the determination in the former opinion was based upon the record made and submitted there. The opinion of the court, of course, was intended only to be applied to the case being considered.

Suggestion of error overruled.