JOHNSON *et al. v.* FEDERAL LAND BANK OF NEW ORLEANS *et al.*

(Division B. May 4, 1936. Suggestion of Error Overruled July 3, 1936.)

[167 So. 776. No. 32052.]

Ruth Campbell and Campbell & Campbell, of Yazoo City, for appellants.

Wise & Bridgforth, of Yazoo City, for appellees.

Argued orally by **Ruth Campbell** and **T. H. Campbell, Jr.**, for appellant and by **Allen Bridgforth**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Lucy Johnson, an illiterate negro woman about eighty years of age, filed a bill to set aside a deed made by her to Zack Booker, Sr., her foster son, and to set aside and cancel a deed of trust given by said Booker to the Land Bank. Among other pleadings, subsequently filed, was a cross-bill by the appellee bank setting up a foreclosure in pais of said deed of trust, praying that the trustee's deed executed in pursuance thereof be declared valid and that the claims of all adverse parties, naming them, including Lucy Johnson, be canceled as clouds on the title of the bank, and for a writ of possession.

The record consists of four volumes, the entire of the first volume being filled by the pleadings, motions, and the like. The three subsequent volumes are largely made up of immaterial or purely repetitious matter. It would be of no profit to bench and bar to follow out all the details of the complainants' contentions, and we shall state only that there is enough upon the pleadings and the evidence to sustain the chancellor in dismissing the original bill and also in denying the application for a continuance.

The original bill made no attack upon the record regularity of the trustee's sale made on August 29, 1934.

On the contrary, there was exhibited with the original bill a copy of the trustee's deed, a copy of the notice advertised in a newspaper published in the county, and a copy of an alleged notice posted by the trustee at the courthouse, all showing that the sale was advertised to be made on said date, August 29, 1934, and that the property was actually sold on that day, within legal hours. The cross-bill was not content, however, to adopt the averments and exhibits of the original bill in respect to the trustee's sale and the notices given by the trustee, but the cross-bill set out its own exhibits in respect to the trustee's sale; and in its exhibit of the notice posted at the courthouse, the cross-bill shows that that notice stated that the sale would be made on July 11, 1934. And neither side seemed to have been satisfied with the said exhibits, but both sides in turn introduced the record of the trustee's sale, together with the notices of sale, recorded with the trustee's deed in Deed Book F. O., p. 95, and this record shows that the trustee's notice posted at the courthouse gave notice of sale for July 11, 1934, and not for August 29, 1934. This defect in the notice posted at the courthouse rendered the trustee's sale and trustee's deed invalid, as recently held by this court in Booker v. Federal Land Bank, 164 So. 877.

In the answer to the original bill, the defendant bank answered as follows: "The said defendants admit that on August 29, 1934, the defendant Federal Land Bank of New Orleans foreclosed said deed of trust to it, copy (of the deed of trust) made exhibit 9 hereto and purchased said property at foreclosure sale for $6,517.90 and received in completion of said foreclosure a trustee's deed from defendant Allen Bridgforth, trustee in said deed of trust which deed was dated August 29, 1934, and is recorded in Book F. O. at p. 95 of the records of deeds of Yazoo County, Mississippi, a copy of which marked Exhibit 15 is filed herewith and made a part hereof but aver complainant and Booker defendants remain in pos-

session of said lands." Exhibit 15 contains the July 11th notice, above referred to.

No point was made in the trial in the chancery court in respect to the trustee's notice of sale. All sides seem to have then conceded that the sale so far as the notices thereof were concerned were valid. It may be assumed as probable that nobody had then discovered the defect in the notice posted at the courthouse. Nevertheless, the actual record was introduced by both sides, and, as already stated, the actual facts shown in evidence, and this by both sides. discloses that the sale and trustee's deed is without validity; and although it is evident that the chancellor's attention was never called to the fatal defect. the fact remains that it stands out as unavoidable in this record. The Land Bank has prayed the court to recognize the validity of its trustee's sale and deed and for the cancellation of adverse claims and for a writ of possession, and yet has proceeded by its own pleadings and proof to show that the sale and trustee's deed were ineffective, with the inescapable result that the decree on the cross-bill must be reversed; and the cause remanded.

Affirmed in part; reversed in part and remanded.