## JONES ET AL. v. FRANK ET AL.

[85 South. 310. In Banc. No. 21194.]

EVIDENCE. *Recitals in trustee's deed; burden on purchaser at fore-closure must show in ejectment posting of notice of sale.*
Where a deed of trust is foreclosed and the trustee's deed recited

with particularity the authority vested in the trustee, the default in the payment of the indebtedness, the instruction to sell, and that the sale was made   after a newspaper advertisement for the required time, but fails to recite that a notice was posted at the courthouse door as required by section 2772, Code of 1906, the presumption that all essential conditions were complied with in making the sale, especially as to the required advertisement, is rebutted by these recitals of the deed of trust, and the burden of proof is upon the plaintiff to show that a notice of the sale for the required time was posted at the courthouse door.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Ejectment by Levi N. Frank against Medora Jones, and others. Judgment for plaintiff on a directed verdict, and certain defendants, including the named defendant, appeal. Reversed and remanded.

*Shands, Jackson & Causey,* for appellants.

We submit that the fundamental error committed by the trial court upon the trial of this case was when it permitted the appellee, over the objection of appellants, to introduce as evidence the trustee's deed. We submit that the trustee's deed conveys no title whatever and was incompetent as evidence. We call the court's attention now to the provisions in the deed of trust, the contract of the parties, providing for foreclosure in the event of non-payment of the money secured therein.

The deed of trust provides that the land shall be sold "at public outcry to the highest bidder for cash at any public place in the town of Shelby, state of Mississippi, after first advertising according to section 2772 of the Mississippi Code of 1906, and the amendments thereto." How does the trustee say that he carries out the terms of this deed of trust? We see the only reference is to how the provisions of the deed of trust were carried in the following language in the trustee's deed, "after having first advertised three weeks prior

thereto in the 'Cleveland Enterprise,' a newspaper pub-
lished in and having a general circulation in Bolivar
County, etc."

Section 2772 is a general embodiment of remedial
legislation, reflecting the wisdom of our legislature
enacted to remedy certain evils that existed in this
state prior to the enactment of the above section as to
foreclosures of deeds of trust. Reviewing briefly the
history of our legislation with reference to the fore-
closure of deeds of trust, we find under sections 2443,
2486 and 2484 of the Code of 1892, the only statutory
methods of foreclosing deeds of trust on lands existing
prior to the enactment of the various laws which make
up section 2772 of the Code of 1906.

The above section 2443 of the Code of 1892, provides
a rule for selling lands in parcels of one hundred and
sixty acres, when the lands were described by Govern-
mental subdivisions. Section 2443 fixed a rule that in
the absence of contract, by parties, as to the place and
terms of sale and mode of advertising, a sale may be
made after condition is broken, for cash upon the notice
and at such time and place as it required for sheriff's
sales of like property. Sections 3484 and 3486, provided
that sheriff's sales of land shall be made at the court-
house of the county.

These sections do not state what county, and the
lands may be sold on the first Monday of every month,
or on the first Monday or Tuesday of the term of the
circuit court of the county (no county is mentioned),
and shall be advertised in a newspaper published in
the county once in each week for three consecutive weeks.

No requirements appear that notice shall be posted
at the county courthouse in the county where the land
is situated, or where any of the grantors reside.

We next find the legislature remedying an evil, that
had grown up in the state, by the enactment of chap-
ter 103 of Laws 1896, which provided that the lands

must be sold in the county in which the land is located or in the county of the residence of one of the grantors; or if the lands happen to be situated in two or more counties, the parties could contract for the sale of the whole tract in any of the counties in which any part of the land lies.

The next enactment by our legislature was section 2772 of the Code of 1906, and for purposes of ready reference we quote the entire section: ''2772 (2443). How lands are sold under mortgages and deeds in trust (Laws 1896, ch. 103). All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section 111 of the constitution for the sale of lands in pursuance of a decree of court or under execution. All lands sold at public outcry under deeds of trust hereafter executed, or other contracts hereafter made, shall be sold in the county in which the land is located or in the county of the residence of the grantor, or one of the grantors in the trust deed, provided that where the land is situated in two or more counties, the parties may contract for a sale of the whole in any of the counties in which any part of the land lies.  Sale of said lands shall be advertised for three consecutive weeks preceding such sale in a newspaper published in the county, or if none such is so published, in some paper having a general circulation therein and by posting one notice at the courthouse of the county where the land is situated, for said time.  No sale of lands under a deed of trust or mortgage shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary.  Any error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten years' statute of adverse possession.''

We now see after a review of the history of our fore-
closure statutes, for the first time  our legislature  has
passed a mandatory statute  providing,  among  other
things, the following requirements with reference to no-
tice, "and by posting one notice at the county courthouse
of the county where the land is  situated  for said time.
The statute further provides that: "No sale of lands un-
der the deed of trust shall be valid unless such sale shall
have been advertised  as herein  provided regardless of
any contract to the contrary."   Section 2772 is manda-
tory and a trustee who does not carry out the provisions
of the statute does not convey any title.

Our court in Wilzyinski v. Watson, 69 So. 1010, very
aptly gives the reasons for enacting section 2772 of the
Code of 1906, in the following language: "The statute
was evidently enacted in the interest of debtors and for
the security of land title acquired under foreclosure. It
was a common practice before the enactment of the stat-
ute to execute deeds of trust providing for ten days' no-
tice of sale, and on such short notice of foreclosure trust
deeds on valuable tracts of land and the homes of humble
debtors.   The statute designed, among other things, to
give  due publicity to  sales under deeds  of trust  by
a reasonable notice of sale, the posting of one notice
at the courthouse  door of  the county where the land is
situated, and publication in a newspaper of that county,
wise provision calculated not only to give due notice  to
the owner of the land but also to prospective bidders."
Planters Mercantile Company v. Braxton, et al., 82 So.
324.

The trustee is charged with the moral and legal duty to
protect the interest of the beneficiary and the mortgagor.
The supreme court of the United States in the case of
Shilliber v. Robinson, 24 L. Ed. 967, says: "A foreclos-
ure sale by a trustee, without the requisite notice is a
mere nullity, disturbing no right and conferring none."

Our court in  the case of Enochs v. Miller, 60 Miss.
19, held that a trustee must comply with the prescribed

terms and conditions with reference to the mode, manner and terms of foreclosing under a deed of trust, and any disregard of them in any important respect will vitiate the sale. *Shea* v. *Ballard, et al.,* 56 S. E. 472.

The court in the above case cited a former decision of the supreme court of West Virginia styled. *"Atkinson* v. *Jefferson College,"* 46 S. E. 253. A mandatory provision in a statute is one which must be observed. This statute does not leave the performing of its provisions optional with the trustee. The statute says: "No sale shall be valid unless such sale shall have been advertised as herein provided. "We must conclude then that the statute is mandatory, and that any violation of its provision, with reference to the posting of notice, renders the sale void. Such a sale by a trustee "disturbs no right and confers none."

The court erred in admitting this trustee's deed as evidence of any title in McDonald, because the deed on its face shows that only notice was published in a newspaper. No notice is shown from the recitals in the deed to have been posted, at the county courthouse of, Bolivar county.

In the case at bar, the trustee had two separate and distinct methods of advertising the property for sale; one by advertising in a newspaper for three weeks next preceding the day of sale; the other by posting a notice of sale at the courthouse in the county where the lands are situated.

His deed expressly says that he did advertise in the newspaper. His language in drafting his deed shows conclusively that he intentionally excluded from the deed the idea of posting a notice, because he knew at the time the deed was drawn that no notice was posted. The deed negatives the idea that notice was posted, for *expressio unius est exclusio alterius."* The expression of one thing is the exclusion of another. As said in American & Eng. Ency. of Law (2 Ed.), page 570, "this maxim expresses a common rule of construction, that the ex-

press mention of one thing, or person or place implies the exclusion of another. The Latin maxim above quoted is universally used as a rule of construction of wills, contracts, statutes and deeds as will be seen by reference to the numerous authorities cited in 16th Cyc., pages 22 to 26, inclusively, and especially the following cases: *O'Neal* v. *Van Tassell,* 33 N. E. 314; *Bank* v. *Myers,* 28 So. 136; *Beck* v. *Coal Co.,* 127 N. W. 1109; *Whitehead* v. *Cape Henry Syn.,* 54 S.E. 306.

In construing this deed to determine its legality, we must take the words used by the trustee. He expressed what he did in foreclosing the deed of trust in the language used in the truste's deed. We can only determine what he did from the language used. There is another cardinal rule for the construction of contracts, deeds and wills which is, if an instrument admits of two constructions, it will be construed most strongly against the grantor, or him who uses the words. Another Latin maxim here applies: *"Verba fortius accipiunter contra proferentum."*

This rule is announced in *McCombs* v. *Stephenson,* 44 So. Rep. (Ala.) 869, and is recognized by our supreme court in the following cases: *Soria* v. *Harrison,* 96 Miss. 109; *Y. & M. V. R. R. Co.* v.s. *Traction Co.,* 100 Miss. 281.

In the case at bar, if we take the language of the trustee's deed as expressing what he did when he foreclosed the deed of trust, we must conclude that he did not post the notice at the courthouse of Bolivar county. If we conclude otherwise, we violate all rules for the construction of a deed and we immediately find ourselves in the realms of supposition and we are surmising that a thing was done which the deed itself expressly negatives. The deed was incompetent as evidence of any title in McDonald and it was error for the court to grant appellee a peremptory instruction with this defective link in the chain of appellee's title.

In the case at bar, appellants' objection to the intro-
duction of the trustee's deed when it was offered in evi-
dence and the court overruled this objection and excep-
tion was reserved.  The court committed error  in this
ruling.  It was the duty of the court to have required ap-
pellee to come forward. with proof establishing the valid-
ity of the deed, and when appellee failed to produce such
proof, the peremptory  instruction  for the  appellants
ought to have been given.

The appellee is the party who has  presented to  the
court a deed upon which he says himself he must recov-
er, if at all.  He is the party out of  possession, and is
seeking possession upon the strength of his own title. He
cannot recover upon the weakness of defendant's title
who is in possession. *Planters Mercantile Company* v.
*Braxton et al.*, 82 So. 323.

In the above case the Planters  Mercantile  Company
came forward with the affirmative proof, showing the
necessity of the things to be done by a truste prelimi-
nary to a valid foreclosure.  Was it not the duty of the
court to require proof in the case at bar to show that no-
tice was posted at the  county  court-house  door.  The
court's attention was drawn to  this matter  by our mo-
tion to exclude the trustee's deed from the consideration
of the jury.  If this mandatory provision of our statute
was violated, appellee cannot recover in a suit  in eject-
ment.

It is certainly a great innovation in our  practice and
under our decision, to  require the  defendant in an ac-
tion in ejectment to prove the negative fact that the plain-
tiff has no title.  In the case of *Moore* v. *Lord*, 50 Miss.
237, our court on this point said:  ''The general rule that
the  plaintiff  in ejectment  must  recover  upon the
strength of his own title and not upon the weakness of
that of his adversary is well understood.  When the title
of the  plaintiff is  controverted  by the  general issue
(which is the fact in the case at bar), he must show that
he had the legal title in the disputed lands, together with

the right of entry." (See also *McRaven* v. *McGuire, 9*
S. & M. 34.)

The only two exceptions to the above rule, which we
have been able to find are as follows: First: When the
plaintiff and defendant derive title from a common
source, and plaintiff is relying for recovery upon the
common-source title, the defendant cannot dispute that
title from which both parties derive title. This rule is il-
lustrated in the case of *Wade* v. *Thompson*, 52 Miss. 371,.
and 373.

The second exception is a case where the defendant is
a mere intruder; his possession has not been such as
would give him title under the ten-year statute. In
such a case plaintiff may recover even though his title
is defective, as illustrated in *Lum* v. *Reed*, 53 Miss. 73.
The court in the case of *Bolton* v. *Roebuck*, 77 Miss.
710, holds that actual possession by the defendant in
ejectment puts the world on notice of the defendant's
claim, and in the case of *Goforth* v. *Stingily*, 79 Miss.
401, the court holds that the defendants are presumed
by the law to be in rightful possession until plaintiff
shows title in himself.

We find in many instances our court has applied the
rule of reason in a suit of ejectment, has laid down the
rule that certain conditions precedent must be shown by
plaintiff in ejectment seeking to recover lands held by a
defendant, among those cases is where plaintiff is seek-
ing to recover as an heir and the deed the heir has intro-
duced recites that he is an heir. Our court in the case of
*Jones* v. *Herman*, 56 Miss. 559, holds: "Plaintiff must
prove heirship by evidence *aliunde*. Recitals in the deed
of his heirship are insufficient." Another illustration of
this rule is found in *Dowd* v. *L. & N. R. R.*, 68 Miss. 159,
and *Funston* v. *Metcalf*, 40 Miss. 504.

This doctrine is well established in the jurisprudence
of this county, and is aptly stated in the case of *Merri-
man* v. *Cover, et al.*, 51 S. E. 820. Quoting from the opin-
ion: "the general rule is that a party who seeks to en-

force a contract in restraint of trade must show that it is reasonable, and the burden was on the plaintiffs to do this. But if the contract, upon its face, shows that it is reasonable, as in this case, and the defendant seeks to avoid it by some extrinsic matter which renders it illegal, the burden is upon him to establish such illegality. As in other cases where illegality of a contract is set up as a defense to a contract, valid upon its face, by clear and satisfactory evidence." See, also, *Burdin* v. *Burdin*, 36 S. E. 992; *Forsyth Mfg. Co.* v. *Castle*, 37 S. E. 485; *Hocker* v. *Western Union Co.*, 34 So. 901.

The recitals of the trustee's deed at bar are clearly differentiated from the recitals contained in the majority of the trustee's deed the courts have heretofore construed. In the trustee's deeds which have heretofore come before the courts, they contain recitals that all preliminary steps for a valid sale were taken or a general recital that notice, as required by law, was given, or a recital of a general compliance with the necessary steps preliminary to the sale. A trustee's deed containing no recital to show that our mandatory statute has been complied with proves nothing, and a party who relies upon such a deed has the burden of proof upon him to establish the fact that the statutory requirements for his sale were complied with.

The supreme court of Wisconsin in the case of *Claflin* v.*Robinhorst*, 40 Miss. 482, holds, "Where a sheriff filed an execution without any return as to his doings thereon, and plaintiff fails to show any publication of notice of the sale, such publication cannot be presumed nor is it sufficiently proved by recitals in the deed. See, also, *Ward* v. *Forrester*.

In case at bar the burden of proof was on the appellee, because the deed forming a link in his chain of title shows that a mandatory provision of the statute was violated. He must recover upon the strength of his own title and not upon the weakness of his adversary. His deed shows a fatal defect, which he does not ex-

plain. The appellee relies upon this deed as it stands in the record. Upon this deed he must stand or fall.

We therefore, reach the irresistible conclusion that a person offering a deed in evidence must show its competency. (See 14 Am. & Eng. Enc. of Evidence, page 701, also 13 Cyc., page 725.

The deed in the case at bar is invalid, because it shows upon its face that it was not executed in accordance with our statute. The validity of the deed must appear from its recitals or if the recitals show that it is invalid, the party offering the deed must show by evidence *aliunde* that the deed is valid. It necessarily follows that this deed was incompetent and ought to have been excluded upon appellant's motion; but if we are mistaken in this rule the rule announced in 14 Am. & Eng. Enc. of Evidence, page 700, applies, which is as follows: "The residence of a latent ambiguity in an instrument does not render it inadmissible, since the evidence subsequently received may remove the ambiguity though if it does not, the instrument may be properly stricken out upon motion." See, also, *Hanna* v. *Renfro,* 32 Miss. 125; *Foute* v. *Fairman,* 48 Miss. 551.

It follows then that the court erred in granting appellee a peremptory instruction, because the trustee's deed is the only evidence upon which the court could predicate its decision when it granted appellee a peremptory instruction.

The deed being incompetent and inadmissible, the appellee did not make out his case, and a peremptory instruction ought to have been granted to appellants as requested.

*Roberts & Hallam,* for appellee.

The contention of appellants is that the trustee's deed shows on its face that the trustee failed to com-

ply with the law in advertising the sale under the deed of trust by posting a notice of sale at the courthouse door, as provided by section 2772, Code of 1906 (Sec. 2276, Hemingway's Code); and having recited in said deed that he had advertised said sale by publication in a newspaper without reciting that he had also posted the notice, the maxim. *expressio unius est exclusio alterius* applies.

Appellee's reply is that the mere execution of the trustee's deed raises the presumption that the trustee did all things *in pais* necessary to a valid execution of the power conferred upon him by the deed of trust and to a valid sale thereunder, and that the burden of proof to show an omission of the trustee to post a notice, was upon the defendants attacking the validity of the sale, and as the defendants failed to introduce any evidence at all, they did not shoulder the burden and that the maxim relied on, primarily employed in the construction of constitutions and statutes, and, occasionally in the construction of contracts is not applicable in the case of the execution of a deed by a trustee, the trustee then acting in a merely ministerial capacity (See note to *Tyler* v. *Herrin,* 19 Am. St. Rep. 276). And not undertaking or being required to specify any conditions or terms by which any person was to be bound, as in the case of contracts generally, other or further than to receive the money and pass the legal title; that the trustee is presumed to have done his whole duty, and that this presumption continues until it be affirmatively shown that he did not, that the mere failure or omission of the trustee's deed to recite the performance or observance of any particular condition of the trust, raises no presumption against its performance, and certainly no sufficient presumption to overcome the presumption of its performance raised by the mere execution of the trustee's deed, especially where the deed recites here that the trustee made the sale under and by virtue of the

authority vested in him as trustee under the deed of trust.

The maxim relied on by appellants as the rule by which the trustee's deed should be construed is expressed by Lord Bacon, referring to the construction of a statute, in these words: "As exceptions strengthen the force of a general law, so enumeration weakens as to the things not enumerated." *W. U. T. Co.* v. *R. R. Com. of La.*, 45 So. 598. Or, as otherwise put: "As exceptions strengthen the force of a law in cases not excepted, so enumeration weakens it in cases not enumerated." *State* v. *Gilmer* (W. Va.), 6 L. R. A. 847, and Judge COOLEY observes that this remark "expresses a principal of common law applicable to the constitution." *W. U. T. Co.* v. *R. R. Com. of La.*, *supra*; *Greencastle* v. *Black*, 5 Ind. 570; A. & E. Ency. of Law (2d Ed.), p. 921, 12 C. J. P. 707; *State* v. *Brown*, (Fla.), 39 So. 956; *Mercantile Ins. Co.* v. *Junkin*, 85 Neb. 561, 19 Ann. Cas. 269; See, also, Note 19 Ann. Cas. 270; 36 Cyc., 1122; *Jones* v. *Lanier* (Ala.), 73 So. 538; *P. W. & B. R. R. Co.* v. *Howard* (U. W.), 14 D. Ed. 171, 17 A. & E. Ency. L. (2 Ed.), p. 25, and Note 6.

The law seems to be settled in this state that unless it is made to appear affirmatively that the trustee did not comply with some one or more of the conditions preliminary to a valid sale, then the presumption of law arising from the execution of the trustee's deed is not overcome. Mere silence in the deed, or an omission to recite, whether certain essentials were or were not done, is not an affirmative showing that they were not complied with.

This court has held that even where the trustee's deed is silent as to the performance of any and all conditions precedent to a valid sale, the mere execution of the deed by the trustee raises the presumption that all things necessary to be done by him were done; that the deed is not only evidence of the truthfulness of its

recitals, but also of the performance of all formalities incident to a valid foreclosure.   *McCaughn* v. *Young; Enochs* v. *Miller,* 60 Miss. 21;   *Graham* v. *Fitts,* 53 Miss. 307;   *Tyler* v. *Herring,* 67 Miss. 169, 6 So. 840, 19 Am. St. Rep. 263.   The case of *McPharhon* v. *B. & L. Assn.,* 75 Miss. 969, 23 So. 431, cited by appellee, is not authority for a contrary view, for in that case the sale was made in disregard of the plain provisions of the instrument, and that fact was shown affirmatively by the record.   This is in accord with the view expressed in *Enoch* v. *Miller, supra, which* is supported by the great weight of authority" 85 Miss. 289.

The trustee's deed in the case at bar does not recite that the notice was not posted at the courthouse door; it merely says nothing about it.   In other words, as to that one formality, the deed is silent, as the deed in the McCaughn case was silent as to all formalities.   If the presumption arises as to the whole, it necessarily arises as to a part and the mere oversight of the draftsman of the deed in accidentally omitting to recite the performance of one of the conditions precedent, could not possibly render the deed void and thereby work the hardship that is sought in this case.   As stated by Mr. Justice Stevens in *Lake* v. *Castlemena* (Miss.), 76 So. 877, where one of the counsel who now appears for the appellant here attacked a foreclosure sale ·on other grounds than those here in question.   The construction contended for by appellants would upset most of the foreclosures heretofore had in Mississippi.

In the case at bar there was absolutely no evidence offered at the trial to show that the trustee did or did not post the notice of sale at the courthouse and therefore the case of *Tyler* v. *Herring,* 67 Miss. 169, 6 So. 840, 19 Am. St. Rep. 263, on which the appellants rely cannot avail to save them.

In the McCaughn case the court said:   "When such a deed is sought to be avoided on the ground of irregu-

larity or failure to comply with the terms of the power in making the sale, the burden, at all events after proof of power in the trustee, is upon the party seeking . to avoid the deed to prove the existence of such invalidating irregularity.''

And following that case, this court, in the case of *McSwain* v. *Young*, 72 So. 129, speaking through Mr. Justice POTTER, recognized and emphasized the announcement in the McCaughn case that the burden of proof was on the attacking party to show affirmatively the invalidity of the trustee's deed, unless, of course the party claiming under it himself, introduces such affirmative proof, for it is there said: ''Ordinarily the presumption is to be indulged that the trustee did everything necessary for a valid exercise of the power of sale, but in this case the defendant undertook to show in what manner the property in question was advertised under the deed of trust, and from his showing it appears affirmatively that section 1607, providing for three weeks' notice of sale, had not been complied with, and the sale thereunder is void.''

If appellant's position is correct, then it must follow as a necessary corollary that though a trustee's deed recites a compliance with all the other formalities of a valid foreclosure, but omits to recite that the sale was had at public outcry, or at the place named in the trust, or within legal hours, or that default had been made in the payment of the indebtedness secured or that the beneficiary under the trust deed had requested the trustee to foreclose, the trustee's deed is either void or raises no presumption that all conditions precedent to a valid sale had happened. Surely such a holding would be unsound and would upset the whole trend of judicial utterances on the subject in this state and a great majority of trustee's sales heretofore had.

That irregularities, omissions, ambiguities and apparent contradictions in the recitals of trustee's and

sheriffs' deeds (which are somewhat on a parity with
trustees deeds) do not vitiate the deeds or destroy the
presumption of validity and regularity arising from
the execution of such deeds is sustained by the follow
authorities: *Mansfield* v. *Excelsior Refinery Co.* (U. S.),
34 L. Ed. 162; *Hume* v. *Hopkins,* 140 Mo. 65; *Tart et
al.* v. *Clayton, et al.,* 109 Ill. 579; *Cawfield* v. *Owens,*
129 N. C. 288, 40 S. E. 62; *Troxler* v. *Gant,* 92 S. C. 152;
See, also, 28 A. & E. Ency. L. (2 Ed.), p. 825 & Notes;
*Miller* v. *Shaw,* 103 Ill. 277; *Jones* v. *Hagler,* 95 Ala.
529, 10 So. 345; *O'Neal* v. *Vanderburg,* 25 Iowa, 104;
*Missouri Fire Clay Works* v. *Ellison,* 30 Mo. App. 67.

In Missouri the statute required a sheriff's sale to be
made on a certain day of a term of court and that the
sale should be advertised in a newspaper. The statute
further provided that in case the term of court was
changed by law, the sale should take place at a certain
day of the ensuing court term, and in that event, that, in
addition to the newspaper notice, the sheriff should post
a notice at the front door of the courthouse, reciting
the postponement of said sale to a day of the latter
term. The sheriff's deed recited the newspaper adver-
tisement, the change of the court term and that he had
"posted" a notice, but his deed did not recite that he
had posted a notice at the front door of the court-
house; and the court held that the omission of the deed
to recite such posting at the courthouse door did not
destroy the presumption of regularity arising from the
execution of the deed. *Evans* v. *Roberson,* 92 Mo. 192.

"In all cases in which lands have been advertised
and sold under a valid judgment and execution and a
deed made to the purchaser, a levy will be presumed."
*Hambler* v. *Hambler,* 33 Miss. 455; *Minor* v. *President,
etc., of Natchez,* 4 S. & M. 602, 632; *Duke* v. *Clark,* 58
Miss. 474; 19 R. C. L., sec. 411, p. 596.

The foregoing authorities, we submit, abundantly
sustain the position of appellee here, even though no

reference had been made by the trustee to the power under which he acted in making the sale, but he did refer to the power and in doing so he recited that he made the sale "under and by virtue of the authority vested in me as trustee." There was no authority vested in him to make the sale and he could not have acted under the authority of the deed of trust unless the conditions precedent to a valid sale imposed by the terms of the deed of trust should first have been observed by him; and when he recites that he made the sale "under and by virtue of the authority, thereby conferred, he in effect recited that all preliminary formalities were by him complied with. So that there is in fact a recital in the deed that he posted the notice at the courthouse door.

Much is said in appellants' brief about a mandatory statute. The statute is mandatory, but that is not the question. The question is: What proof is necessary in order to show that the statute was complied with? Under the decisions, the introduction of the trustee's deed raises the presumption that the statute was complied with; and the burden is upon one attacking the deed to overcome this presumption. And this applies to the contention of appellants, supported by so many authorities, that in ejectment the plaintiff must rely on the strength of his own title and not the weakness of defendants.

In addition to all of this, we contend that the appellants, in acquiescing in the foreclosure, the purchase by Mr. McDonald, the subsequent sales, McDonald, to innocent vendees who paid value for the lands, and who, together with McDonald, promptly placed their deeds of record so as to be notice to the world of their rights in and claims to the property in question, in permitting the purchaser and his vendees to take possession of the lands and exercise acts of ownership over them without objection from the appellants, in waiting for practically three years to question the validity of the foreclosure; have

been guilty of such inexcusable delay and bad faith as constitute a waiver of their pretensions and as to estop them to set up such alleged defect. *Farrar* v. *Payne,* 73 Miss. 82; *Morrell* v. *Cobb,* 200 Mass. 293; *Clark* v. *Schuck,* 253 Ill. 471; Note 48 to 19, Cyc., 23.

At least since year 1882, when the case of *Enochs* v. *Miller,* 60 Miss. 19, was decided, it has been settled in this state that: ''The making of the deed by the trustee is *prima-facie* evidence that the sale was properly made, and will throw upon him who attacks or resists it, the burden of showing the contrary.'' Follow this case by that of *Tyler v. Herrin,* 67 Miss. 169 and the later case of *McCaughn* v. *Young, supra,* declaring that ''when a deed executed by a trustee purports to convey as trustee a certain estate, the presumption of law is, not only that the recitals of the deed are true, but that all essential conditions were complied with in making the sale and it is not difficult to come to the conclusion that time after time have purchasers at trustee's sale relied on this well settled and firmly grounded principle of the law, thus repeatedly announced by the highest court of our state, in backing their purchases, and that the principle relied on has become a rule of property; and theerfore, such purchasers ought to be protected in their property rights so acquired, under the rule, of *stare decisis* if for no other reason.

Sykes, J., delivered the opinion of the court.

The appellee, Frank, brought an ejectment suit against appellants to obtain possession of a forty-acre tract of land in Bolivan county. The facts are uncontroverted. The appellants, while owners of the land, gave a deed of trust upon it to secure the payment of some borrowed money. The deed of trust recited that, in case of the failure to pay the note at maturity, the trustee should sell the property to the highest bidder for cash ''after first advertising according to section 2772 of the Mississippi

Code, of 1906, and amendments thereto.'' The plaintiff in the court below introduced in evidence the trustee's deed, over the objection of the defendants. This deed recites with particularity the authority vested in the trustee, that default was made in the payment of the indebtedness, and that the trustee was instructed to sell the land according to the terms of the deed of trust, and then it contains this provision:

"I, the said trustee, did on the 12th day of February, 1915, offer for sale and sell the property conveyed to me as trustee, in front of the post office in the town of Shelby, Miss., at or about the hour of one o'clock p. m., after having first advertised the time, terms, and place of said (sale, for three weeks prior thereto, in the Cleveland Enterprise, a newspaper published in, and having a general circulation in Bolivar county, whereupon appeared from among divers persons there assembled, John T. McDonald and bid the sum of twelve hundred dollars, that being the highest and best bid received, etc.''

The deed from McDonald to the appellee in which this land was conveyed to the appellee was then introduced in evidence by appellee, also over the objection of appellant. This was all of the testimony introduced. A peremptory instruction was requested both by plaintiff and defendants. The court granted this instruction on behalf of the plaintiff, and judgment was entered in his favor, from which judgment this appeal is prosecuted.

The precise question to be decided is whether or not when the trustee's deed is considered as a whole and the recitals therein about the advertisement in the newspapers for three weeks, and no mention is therein made of the posting of a notice of the sale at the courthouse door as required by section 2772, Code of 1906, we are to presume from the execution of this deed that the sale was properly made? This court has repeatedly held that, where a deed has been executed by a trustee purporting

to convey as trustee lands, the presumption of law is, not only that the recitals of the deed are true, but that all essential conditions were complied with ·in making the sale; also, that the presumption is to be indulged that the trustee did those acts *in pais,* which were conditions precedent to a valid exercise of the power of sale. *Graham* v. *Fitts,* 53 Miss. 307; *Enochs* v. *Miller,* 60 Miss. 19; *McCaughn* v. *Young,* 85 Miss. 278, 37 So. 839. In these cases, however, the trustee's deed either recited a compliance with the terms and conditions of the deed of trust relating to the advertisment and mode of sale, or was wholly silent as to these conditions.

The case under consideration is different from any of the cases above referred to. The trustee's deed in this case attempts to state fully everything that was done by the trustee beginning with the power to act and reciting in detail the advertisment made by him, the time, mode, and manner of sale, as well as the purchaser. As is said in the case of *McCaughn* v. *Young, supra,* the careful conveyancer usually inserts in a trustee's deed the grant of power authorizing him to act and a recital of the performance of the formalities usually incident to foreclosure of trust deeds. In this case the trustee attempted to fully give this history. He explicitly states that he sold the land "after having first advertised the time, terms and place of sale, for three weeks prior thereto, in the Cleveland Enterprise, a newspaper published in, and having a general circulation in Bolivar county." He makes no mention of posting a notice for the required time at the courthouse door. In the case of *Fauntleroy* v. *Mardis,* 85 So. 96, recently decided, we held that the posting of a notice at the courthouse door was a part of the advertisment of sale required under section 2772, Code of 1906, section 2276, Hemingway's Code. This trustee's deed is not silent as to the advertisment of the proposed sale made by him, but explicity states that it

was by publication in the newspaper. This newspaper publication is only a part of the advertisment. In writing the deed his mind was explicitly directed to the kind of advertisment which he made, and in this deed he recites only a part of the advertisment necessary to the validity of a sale under section 2772. This being true, we think the legal maxim of *expressio unius est exclusio alterius* applies, and that this recital in the deed of trust overcomes the *prima-facie* presumption that the trustee performed all of these acts *in pais* required of him. In order for this trustee's deed to have been admissible in testimony, the burden of proof further rested upon the plaintiff to prove that a notice of the sale was posted at the courthouse door at Cleveland.

In the case of *Minor* v. *Natchez,* 4 Smedes & M. 602, 43 Am. Dec. 488, the return of the marshal on a writ of *venditioni exponas* showed that—"Legal notice of which sale I had given in the public newspaper called the Courier published in the city of Natchez, etc."

The marshal's deed recited: "That the said marshal, having given thirty days' previous notice that the above-described property would be sold at public auction, etc."

The proper notice in that case in the absence of an agreement of the owner of the land was by posting for thirty days five notices of the sale. It will be noted that the marshal's return recited only the publication of notice in the newspaper, while his deed recited the giving of a thirty days' notice. In the opinion in that case the court assumes that return of the marshal in which he describes the notice given him, namely, the publication in the newspaper, was the only notice of the sale therein given, thereby in effect applying this legal maxim.

*Reversed and remanded.*