McLendon *v.* McGee.

(In Banc. Nov. 25, 1940.)

[198 So. 725. No. 34227.]

**Witherspoon & Witherspoon,** of Meridian, for appellant.

Chas. R. Shannon, of Laurel, and Beverly C. Adams, E. F. Steiner, and T. H. Hedgepeth, all of New Orleans, La., for appellee.

718

Argued orally by **S. A. Witherspoon**, for appellant, and by **Beverly C. Adams**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This suit was begun by appellee in the Chancery Court of Clarke County by bill of complaint against the appellant R. L. McLendon, individually and as the trustee in a deed of conveyance of certain real estate made to him by a local merchant for the benefit of his mercantile creditors, among whom was the Dunlap Dry Goods Company of Mobile, Alabama, and wherein the complainant sought to cancel the conveyance so held by said trustee, together with certain subsequent conveyances made by all of the creditors, except the Dunlap Dry Goods Company, in favor of the said R. L. McLendon, individually, as clouds upon the title of the complainant. From a final decree cancelling the said deeds of conveyance and the claim of title asserted by the said Robert L. McLendon by virtue thereof, he prosecutes this appeal, both individually and as such trustee.

It appears from the evidence that on May 15, 1922, Tom Johnson and wife, being the owners of the land in controversy, executed a deed of trust thereon, which constituted a first and paramount lien, in favor of the Federal Land Bank of New Orleans, Louisiana, wherein Barrett Jones was named as trustee, and which deed of trust provided for the appointment of a substitute trustee if for any reason the trustee named in the instrument, or his successors, should not be present, able and willing to execute the trust, or if for any reason the holder of the indebtedness secured thereby should so desire. After default was made in the payment of the indebtedness, J. E. Shirley was duly appointed as the substitute trustee, under an instrument of writing duly recorded, and on May 27, 1933, the land was sold by him under foreclosure when the said Federal Land Bank became the purchaser thereof. That, on June 15, 1933, the land was sold and conveyed by the said purchaser to the appellee.

It further appears that subsequent to the execution of this deed of trust, there was a second one executed by the said Tom Johnson and wife to A. L. McIntosh, as trustee,

to secure an indebtedness to the local merchant hereinbefore referred to, and that thereafter the lien of this second deed of trust was duly foreclosed on August 29, 1932, when the said beneficiary therein became the purchaser of the land at the trustee's sale. That, on August 31, 1932, he conveyed the land to the appellant Robert L. McLendon, as trustee, for the benefit of certain of his creditors as aforesaid, the conveyance reciting the amount of indebtedness due each of them respectively, and authorizing the trustee to sell and convey the land for their benefit; and further reciting that the conveyance was made subject to the first lien held at that time by the said Federal Land Bank of New Orleans. As heretofore stated, the said Robert L. McLendon, individually, later acquired the conveyances in his own favor from the several creditors other than the Dunlap Dry Goods Company of Mobile, Alabama.

The appellee, Charles A. McGee, entered into possession of the land at the time of his purchase thereof from the Federal Land Bank, and was still in possession thereof at the time of the filing of this suit on the 24th day of July, 1936.

The appellant, both individually and as trustee, filed an answer and cross-bill, and he now challenges (1) the validity of the appointment of the substituted trustee on the ground that the Federal Land Bank failed to state in the appointment, or to otherwise show, any reason for desiring to make the substitution; (2) the validity of the trustee's sale made by J. E. Shirley, as substituted trustee, on the ground that he claims to have assumed the indebtedness due the Federal Land Bank prior to the foreclosure of its deed of trust, and that his name was omitted from the trustee's notice of sale; and (3) the jurisdiction of the court to adjudicate the right of the appellee to have cancelled as clouds upon his title the conveyances held by appellant and the claims of title asserted by him following the foreclosure of the second lien, without first

making the Dunlap Dry Goods Company a party to the suit.

It is sufficient to say in response to the first contention above stated that the mere fact that the mortgagee saw fit to exercise the power of appointing a substitute trustee is sufficient to create the presumption that the substitution was desired for some reason. Consequently, if the existence of a reason for such action was necessary and is challenged, the burden is upon him who denies that any reason existed for making the substitution to prove the non-existence thereof. Graham v. Fitts, 53 Miss. 307; Enochs v. Miller, 60 Miss. 19; McCaughn v. Young, 85 Miss. 277, 37 So. 839; Jones v. Frank, 123 Miss. 280, 85 So. 310; Melchor v. Casey, 173 Miss. 67, 161 So. 692. As to the contention that the foreclosure was invalid because of the failure of the substituted trustee to embody in the notice of sale the name of the appellant as the assumptor of the indebtedness then held by the Federal Land Bank, the record fails to disclose that he assumed the indebtedness in any of the conveyances made to him, and if the correspondence between him and the Federal Land Bank should be deemed sufficient to constitute an assumption of such indebtedness by subsequent agreement, he is precluded by Chapter 250, Laws of 1934, from questioning the title of the appellee on account of such defect in the notice of sale, since this statute of limitation not only bars the right to bring a suit except within twelve months from the passage of that act, but completely extinguishes such right as well as any remedy in regard to such defect. Where the title of a person in undisputed possession of land is brought into question, he may set forth any equitable defense in favor of his right to the property, and the statute of limitation will not run so as to prevent him from setting forth such defense, 37 C. J. 804; but in the case at bar the appellant is out of possession, and is barred by the statute here under consideration from exercising the right to question the validity of the sale by reason of any defect mentioned

in the statute, since his right to question the sale on that account, as well as any remedy that he may have had in that behalf, had been completely extinguished at the time of the bringing of this suit by the appellee who was in possession of the property under such foreclosure of the paramount lien.

On the point that the Dunlap Dry Goods Company was a necessary and indispensable party to the suit, which was not raised in the court below, it should be kept in mind that this is a suit to cancel a cloud on the title and that it is necessary to join as defendants in such cases only those parties who are asserting an adverse claim to the land or hold such record evidence of title as should be cancelled in order to remove any cloud, doubt or suspicion as to the ownership of the true title. On the record now before us it does not affirmatively appear that the Dunlap Dry Goods Company is an indispensable party. The only evidence indicating that said company ever had any beneficial interest in the land is the deed of conveyance to the trustee for the benefit of creditors which expressly recognizes the existence of the paramount lien then held by the Federal Land Bank, and which interest was necessarily extinguished by the subsequent and valid foreclosure of such lien, so far as the record here discloses. Most assuredly, the trustee who appeared and filed an answer and cross-bill on behalf of the remaining beneficiary of the trust, and who appeals here in its behalf, is not in position to now raise in this Court for the first time any question as to the nonjoinder. Nor should the court here hold of its own volition that it is without jurisdiction on account thereof, unless it appeared from the record that there is some substantial basis for holding that the said dry goods company was not divested of its interest in the land by virtue of the foreclosure of a first lien thereon.

Affirmed.