IRVING, J., for the Court.
¶ 1. The Circuit Court of Hinds County dismissed a lawsuit filed by mortgagor Rosemary Bolton and several other mortgagors[1] against Equiprime, Inc., an Alabama corporation.[2] The circuit court determined that the mortgagors had alleged fraud on the part of Equiprime but had not pleaded fraud with the specificity required by Rule 9(b) of the Mississippi Rules of Civil Procedure. Additionally, the circuit court found that the mortgagors had not pleaded any affirmative acts by Equiprime which were designed to conceal the fraud allegedly committed by Equi-prime. The circuit court also ruled, alternatively, that the mortgagors’ action was barred by the three-year statute of limitations and that the claims of the mortgagors who had sued an assignee of Equi-prime in the Chancery Court of Hinds County were also barred by the doctrines of res judicata and collateral estoppel. Consequently, the circuit court granted Equiprime’s Rule 12(b)(6) motion to dismiss.
¶ 2. The mortgagors appeal, asserting that the circuit court erred in finding the doctrines of res judicata and collateral es-toppel applicable and in not hearing their claims regarding clouds on their titles due to the assignment of their mortgages by Equiprime.
¶ 3. We find that the trial court erred in granting the motion to dismiss. However, we find that summary judgment was appropriate; therefore we affirm on this ground.
FACTS
¶ 4. Bolton and forty-two individuals acquired home mortgage loans from Southern Mortgage, Inc. d/b/a Heritage Mortgage. On the day the mortgages were closed, Southern assigned the mortgages to Equiprime. One of the closing documents advised the mortgagors that the assignment was being made. More than three years after the closing of the loans, the mortgagors filed suit against Equi-prime and Southern’s sole stockholders. The mortgagors also sued two of Southern’s employees: Douglas Carson and Artie Armstrong. Southern itself was not made a defendant. However, this appeal involves only Equiprime.
¶ 5. The mortgagors alleged in their complaint that Equiprime and Southern’s stockholders were generally engaged in a scheme that targeted “high-interest and otherwise high-cost residential mortgage transactions [involving] non-wealthy persons, who for one reason or another were *532 in situations of economic duress, had limited or ‘sub-prime’ credit histories, and had limited experience with complex mortgage or other commercial transactions.” More specifically, the mortgagors alleged that Southern’s stockholders and Equiprime “combined their money, time and skills and aided in [a] common undertaking ... to cause the [mortgagors] to incur a debt and encumber [their] residenee[s] by a mortgage lien thereon so as to pay to [Equiprime and Southern’s stockholders] unreasonable and unnecessary closing costs and expenses associated with the mortgage loan[s], including future interest, all to the [mortgagors’] damages.”
¶ 6. In the prayer of their amended complaint, the mortgagors sought a finding that:
a) the DEED OF TRUST and PROMISSORY NOTE was [sic] procured by fraud, [and] gross negligence that amounted to willful conduct as to be an intentional tort or gross negligence and should be set aside, can-celled and be declared null, void and of no effect,
b) all documents, instruments of indebtedness, and mortgage evidencing the security interests arising from the subject transaction and all assignments thereof held by any Defendant or by Trustee or Substituted Trustee in Plaintiffs’ home be declared as null, void and of no effect and all clouds arising from said documents be removed from the Plaintiffs’ title,
c) Royce McNeal, Brent McNeal, Brian Michael Pellissier, James R. Hall, and Craig A. Netterville, and Equiprime, Inc. shall forthwith provide an accounting of all monies paid by the Plaintiffs to any person or entity arising from the transaction, including but not limited to a copy of evidence of the payment, including the payor and payee, of each item on the loan closing statement and the source of the mortgage proceeds,
d) the Plaintiffs have of and from Royce McNeal, Brent McNeal, Brian Michael Pellissier, James R. Hall, and Craig A. Netterville, and Equiprime, Inc., jointly and severally, all closing costs, the pre-payment penalty of their previous mortgage, interest on said sums at the Disclosure rate from and after the date of closing, the costs of the interest differential between their previous mortgage and the subject mortgage on the amount of the promissory note, pre-judgment and post-judgment interest from the date of judicial demand at the contractual rate as provided by § 75-17-7 of the Mississippi Code of 1972 as amended, attorneys fees and such legal expenses reasonably and necessarily incurred, and
e) in addition to the above relief and damages, each Plaintiffs have judgment against Royce McNeal, Brent McNeal, Brian Michael Pellissier, James R. Hall, and Craig A. Netter-ville, and Equiprime, Inc., jointly and severally, compensatory and punitive damages in a sum in excess of $1,360,000.00, together with interest from and after the date of each loan closing.
¶ 7. In response, Equiprime filed an answer generally denying the material allegations of the amended complaint and asserting certain defenses, including the doctrines of res judicata and collateral es-toppel, estoppel and waiver, and the statute of limitations. After discovery, Equi-prime filed a motion to dismiss or for summary judgment. Additional facts, as appropriate, will be related during the discussion of the issues.
*533 ANALYSIS AND DISCUSSION
¶8. As stated, the mortgagors assert that the circuit court erred in finding the doctrines of res judicata and collateral es-toppel applicable and in not hearing their claims regarding clouds on their titles due to the assignment of their mortgages by Equiprime. As best we can tell, the mortgagors also assert that it was error for the circuit court to apply the statute of limitations to their equitable claims, although they apparently admit that the statute of limitations may be applied to their law claims. We quote from their brief:
Where title of a person who is in undisputed possession of land is brought into question, he may set forth any equitable defense in favor of his right to the property, and the statute of limitations will not run so as to prevent him from setting forth such a defense. 37 C.J. 804. McLendon [v. McGee, 189 Miss. 712, 721, 198 So. 725,] 727 (1940) ].
While the trial court may make findings as to the running of the statute of limitations by the legislature with regard to the damage cause of action, this Court has found that substantive rights may not be impaired.
¶ 9. The mortgagors argue that they have “a right of recoupment in defense of enforcement of and as a parry to the debt via foreclosure of the mortgage” and that “recoupment is a substantive defensive right that is not subject to legislative impairment through the setting of a statute of limitations.” However, the mortgagors do not explain how they can have a viable equitable right to either some future re-coupment or the cancellation of their mortgages without first proving that the mortgages were obtained illegally or fraudulently, nor do they explain why the statute of limitations does not apply to that part of their action in which they seek to have the mortgages declared illegal.
¶ 10. We decline to address in detail the specific issues raised by the mortgagors because, as is explained later in this opinion, we find that, on the facts of this case, the appropriateness of the trial court’s judgment does not turn on the applicability vel non of the doctrines of res judicata and collateral estoppel. We further find that the mortgagors’ third issue, that the trial court erred in refusing to hear their claims concerning clouds on their titles, must fail because the mortgagors failed to refute the showing by Equi-prime that no genuine issue of material fact exists with respect to this issue. Notwithstanding our findings regarding the applicability of the doctrines of res judica-ta and collateral estoppel and the mortgagors’ failure to controvert Equiprime’s showing that no genuine issue of material facts exists with respect to the cloud-on-title issue, we also find that the trial court erred in dismissing the mortgagors’ lawsuit pursuant to rule 12(b)(6). However, we find that dismissed nevertheless was warranted under the summary judgment standard. Consequently, for the reasons to be explained below, we affirm the judgment of the trial court.
¶ 11. Rule 12(b)(6) of the Mississippi Rules of Civil Procedure authorizes a trial judge to dismiss a complaint for its “failure to state a claim upon which relief can be granted.” In considering a dismissal for the failure of the complaint to state a claim upon which relief can be granted, the trial judge is limited to a perusal of the complaint and should grant the motion only when “it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Brewer v. Burdette, 768 So.2d 920, 922(¶ 9) (Miss.2000). If matters outside the pleadings are presented and accepted by the court during consideration of a Rule 12(b)(6) motion, the motion is converted to *534 a motion for summary judgment and disposed of pursuant to the dictates of Rule 56 of the Mississippi Rules of Civil Procedure. M.R.C.P 12(b). However, when this occurs, “all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” Id. If “matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).” Id. Rule 15(a) provides that upon the grant of either a Rule 12(b)(6) motion or a judgment on the pleadings pursuant to Rule 12(c), “leave to amend shall be [freely] granted when justice so requires upon [the] conditions and within [the] time as determined by the court....”
¶ 12. In this case, the pleadings consist of an amended complaint and an answer. The court’s findings, in some respects, went well beyond the pleadings. For example, nothing in either the mortgagors’ amended complaint or Equiprime’s answer contained any facts from which the court could determine the applicability of the doctrines of res judicata and collateral estoppel. However, the “Motion of Equi-prime to Dismiss, or for Summary Judgment” contains facts and information relied upon by the court in reaching its decision that the doctrines are applicable. More specifically, the trial court discussed, and relied upon, the judgment rendered in another case brought by some of the mortgagors in the Chancery Court of Hinds County: Bolton v. Equicredit Corp. of America, G-2001-1283, decided July 17, 2003. This action by the trial court had the effect of treating Equiprime’s motion as a motion for summary judgment.[3]
¶ 13. If the trial court had considered only the complaint and then granted Equiprime’s motion to dismiss, the court would have been required to allow the mortgagors an opportunity to amend their complaint. The mortgagors argue that the trial court erred in not allowing them to do so. The problem with this argument is that, as we have already pointed out, the trial court made certain findings which were not restricted to an analysis of the allegations in the mortgagors’ amended complaint. Therefore, the mortgagors were not entitled to amend but were entitled to a reasonable opportunity to respond to the allegations made by Equiprime and accepted by the court in Equiprime’s “Motion to Dismiss, or for Summary Judgment.” On this point, we note that, in response to Equiprime’s motion to dismiss, the mortgagors filed a motion for an extension of time to respond but the record contains no evidence that the mortgagors ever noticed their motion for hearing. We further note that Equiprime’s motion to dismiss was filed on August 25, 2004, that the mortgagors’ motion for an extension of time to respond was filed on September 21, 2004, and that the trial court did not rule on the motion to dismiss until November 3, 2004, or approximately sixty-eight days after the filing of the motion to dismiss and thirty-three days after the filing of the motion for an extension of time.
¶ 14. As we have pointed out, the mortgagors were entitled to a reasonable opportunity to respond to the matters outside of the pleadings which were presented by Equiprime and accepted by the court. While the court never formally granted the mortgagors an extension of time, we are *535 satisfied that the mortgagors had adequate time to respond to the matters raised by Equiprime and failed to do so.
¶ 15. We have carefully examined the allegations in Equiprime’s “Motion to Dismiss, or for Summary Judgment,” including the attached exhibits and affidavit. We find that, based on the allegations contained in Equiprime’s motion and the mortgagors’ lack of response, Equiprime is entitled to summary judgment, because Equiprime’s motion alleges facts, coupled with an affidavit, which clearly shows the absence of any genuine issue of material fact. Rule 56(e) of the Mississippi Rules of Civil Procedure provides in part:
When a motion for summary judgment is made and supported as provided in this rule, and adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specified fact showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
Therefore, even though the trial court erroneously granted judgment on the motion to dismiss, no reversible error occurred because Equiprime was entitled to summary judgment. “On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result.” Puckett v. Stuckey, 638 So.2d 978, 980 (Miss.1993). Consequently, we affirm the judgment of the trial court on the alternative ground of summary judgment.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. For convenience and clarity, we collectively refer to Bolton and the other individuals by their status as mortgagors.

. The mortgagors also sued the sole stockholders: Royce McNeal, Brent McNeal, Brian Michael Pellissier, James Hall, and Craig A. Netterville, and two employees of Southern Mortgage, Inc. d/b/a Heritage Mortgage: Artie Armstrong and Douglas Carson.

. It may be more accurate to say that the court elected to rule on the summary judgment portion of Equiprime’s motion, because Equiprime’s motion sought either a dismissal or summaiy judgment. However, the trial court never said that was what it was doing, and its order was captioned “Order Granting Motion to Dismiss.”